# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic AARON I. TEER
## United States Air Force

## ACM S32136

## 02 July 2014

Sentence adjudged 18 March 2013 by SPCM convened at Travis Air Force Base, California. Military Judge: W. S. Cohen (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 30 days, and a reprimand.

Appellate Counsel for the Appellant: Lieutenant Colonel Jane E. Boomer and Captain Nicholas D. Carter.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

ALLRED, MARKSTEINER, and HECKER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Senior Judge:

A special court-martial composed of a military judge convicted the appellant, pursuant to his pleas, of operating a vehicle while impaired by marijuana, possessing marijuana, and using marijuana, in violation of Articles 111 and 112a, UCMJ, 10 U.S.C. §§ 911, 912a.[1] The court-martial sentenced him to a bad-conduct discharge, confinement for 95 days, and a reprimand. Pursuant to a pretrial agreement, the

---

[1] The appellant was also charged with leaving the scene of an accident and disobeying a lawful order, but those charges were withdrawn after arraignment.

convening authority lowered the confinement to 30 days. He approved the remainder of the sentence as adjudged. On appeal, the appellant argues the military judge abused his discretion by finding the military retained jurisdiction over the appellant. Finding no error that materially prejudices a substantial right of the appellant, we affirm the approved findings and sentence.

*Jurisdiction*

In early November 2012, the appellant received nonjudicial punishment for wrongfully using marijuana. Based on this misconduct, he was recommended for administrative discharge by his commander in early December 2012. An AF IMT100, *Request and Authorization for Separation*, (15 September 2003), was completed on 28 December 2012. Following the direction of his unit, the appellant completed an "out-processing" checklist and reported for his final out-processing on 3 January 2013. The out-processing checklist was never signed by a finance technician, but on that same day a DD Form 214, *Certificate of Release or Discharge from Active Duty*, (August 2009), was digitally signed by a separations technician and delivered to the appellant.

On 7 January 2013, personnel in the separations division became aware the appellant had never reported to finance as part of his out-processing. The purpose of this final out appointment is for the member to provide a finance technician with information necessary to calculate the member's final pay. Because this appointment never occurred, a final accounting of the appellant's pay was never accomplished. When he was contacted that same day and asked about his current status, the appellant said he was not sure if he was still on active duty. The finance technician then elected not to calculate his final pay until she had more information. As of the time of the appellant's court-martial, a final accounting of his pay had never been completed.

Meanwhile, on 5 January 2013, the appellant was suspected in a hit-and-run accident on base. When security forces personnel searched the appellant, they found a small package of marijuana and observed the appellant acting in a manner consistent with having ingested marijuana. The appellant admitted using and possessing marijuana, and a urinalysis test confirmed this use. Based on this new misconduct, the appellant's commander preferred charges on 28 January 2013. That evening, dormitory personnel smelled marijuana smoke coming from the vicinity of the appellant's dormitory room and after conducting a search found marijuana and a homemade pipe. Additional charges were preferred based on this misconduct.

At trial, the appellant moved to dismiss the charges based on a lack of personal jurisdiction, arguing that he was "effectively a civilian" once he was given his DD Form 214. The military judge denied the motion based on the lack of a final accounting of pay or a substantial payment of such pay, citing 10 U.S.C. § 1168(a) and

*United States v. Hart*, 66 M.J. 273 (C.A.A.F. 2008). The appellant has now raised this issue on appeal.[2]

When an accused contests personal jurisdiction on appeal, we review that question of law de novo, accepting the military judge's findings of historical facts unless they are clearly erroneous or unsupported in the record. *Hart*, 66 M.J. at 276.

Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment, are subject to court-martial jurisdiction. Article 2(a)(1), UCMJ, 10 U.S.C. § 802(a)(1). Once attached, personal jurisdiction over the member continues until it is terminated through a proper discharge. *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006). As the UCMJ does not expressly define the exact point in time when discharge occurs, military courts have consistently turned to the provisions of 10 U.S.C. §§ 1168(a), 1169, for guidance on what is required to effectuate discharge from active service. First, there must be a delivery of a valid discharge certificate, and second, there must be a final accounting of pay such that the member's final pay or a substantial part of that pay is ready for delivery.[3] *Hart*, 66 M.J. at 276. For discharges taking effect before completion of the member's obligated term of service ("early discharges"), the member must also undergo the "clearing" process as established by service regulations. *Id.* If these requirements have not been met, the member is not considered discharged from active duty, and military jurisdiction over the person continues. *Id.*

Here, the evidence is undisputed that there was never a final accounting of the appellant's pay, and a substantial part of that pay was never paid to him as part of his purported separation from active duty. We do not find the military judge's findings of fact to be clearly erroneous, and we agree with his conclusion of law that the military retained continuous jurisdiction over the appellant.

*Incorrect Personal Data Sheet*

The appellant was restricted to base between 5 January 2013 and the 18 March 2013 court-martial.[4] Although the appellant has not raised this issue on appeal, we note the Personal Data Sheet (PDS), which was attached to the staff judge advocate recommendation (SJAR) and provided to the convening authority, erroneously indicated that there had been no pretrial restraint. Regarding this PDS, the SJAR stated,

---

[2] In his brief, the appellant acknowledges "current controlling case law is adverse to his position" and that he has raised the issue "to preserve it for future review."

[3] According to 10 U.S.C. § 1168(a), "A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative."

[4] During the trial proceedings, the prosecution stated it had made a change to the charge sheet and the personal data sheet in order to reflect the appellant's restriction to base. These revised documents are not in the record of trial, and the Government is hereby directed to correct these errors.

"Also attached is a personal data sheet on the accused for your consideration prior to taking action on the sentence." Neither the appellant's clemency request nor the appellant's trial defense counsel's submission raised any objections to the SJAR, nor did they request any additional credit for the pretrial restriction.

The standard of review for determining whether post-trial processing was properly completed is de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Because the SJAR was properly served on trial defense counsel and the appellant, and trial defense counsel failed to comment on the erroneous information referenced therein, we review the omission for plain error. *See* Rule for Courts-Martial 1106(f)(6). The appellant must show that (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced the appellant's substantial rights. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).

Rule for Courts-Martial 1106(d)(3)(D) formerly required the SJAR to include a statement concerning the nature and duration of any pretrial restraint. *See Manual for Courts-Martial, United States*, Part II, (2008 ed.); *United States v. Wheelus*, 49 M.J. 283, 284-85 (C.A.A.F. 1998). The rule was later amended, however, to omit this particular requirement. Exec. Order No. 13,552, 75 Fed. Reg. 54263, 54,265 (Sep. 3, 2010). Thus, the only question is whether the erroneous PDS resulted in material prejudice to the appellant's substantial right to have his request for clemency judged on the basis of an accurate record. *United States v. Wellington*, 58 M.J. 420, 427 (C.A.A.F. 2003). Because of the highly discretionary nature of the convening authority's action on a sentence, we may grant relief if an appellant presents "some colorable showing of possible prejudice" affecting his opportunity for clemency. *Kho*, 54 M.J. at 65; *United States v. Scalo*, 60 M.J. 435, 436-37 (C.A.A.F. 2005).

Here, the military judge was aware of the pretrial restriction when he adjudged his sentence in the case, but the convening authority was not accurately informed of it when he approved the sentence as agreed to in the pretrial agreement. We are convinced, however, that knowledge of the appellant's restriction would not have affected the sentence as approved by the convening authority, given the appellant's offenses, his disciplinary record, and the low sentence cap agreed to by the convening authority. Therefore, we do not find any "colorable showing of possible prejudice" from the erroneous PDS.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32136