# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39114**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Raymond J. SIMON, II**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 7 June 2017

———————————

*Military Judge:* L. Martin Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 12 months, and reduction to E-1. Sentence adjudged 24 May 2016 by GCM convened at Joint Base Elmendorf-Richardson, Alaska.

*For Appellant:* Major Melissa Biedermann, USAF; Major Jerett F. Merk, USAF.

*For Appellee:* Major G. Matt Osborn, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Senior Judge J. BROWN delivered the opinion of the court, in which Chief Judge DREW and Judge MINK joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

J. BROWN, Senior Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas and pursuant to a pretrial agreement, of divers wrongful use of oxycodone, wrongful introduction of oxycodone onto a military installation, and divers wrongful use of cocaine, in violation of

Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, and reduction to E-1. The convening authority approved the adjudged sentence.

Appellant now requests that this court reduce his sentence of confinement because of a 16-day delay between authentication of the record of trial (ROT) and the Government's service of that ROT on Appellant. We find sentence relief is not warranted and affirm.

## I. BACKGROUND

Appellant pleaded guilty, pursuant to a pretrial agreement, in a one-day trial that lasted approximately three hours. The military judge authenticated the ROT on 3 July 2016. The Government served a copy of the authenticated ROT on Appellant's defense counsel on 18 July 2016 and on Appellant a day later.

Eight days later, on 27 July 2016, Appellant submitted his written request for clemency. Appellant requested that the convening authority disapprove the punitive discharge and reduce his sentence of confinement. In this submission, neither Appellant nor his counsel complained about the timeliness of the Government serving Appellant with his authenticated ROT—nor did they cite to this as a basis for their request that the convening authority grant his request for clemency. Furthermore, Appellant also failed to assert any legal errors or irregularities with the trial proceeding. Instead, the request was a generalized plea for clemency.

On 28 July 2016, the convening authority elected not to grant Appellant's request and approved the sentence as adjudged.

## II. DISCUSSION—POST-TRIAL DELAY

Appellant asserts that this delay between authentication and service of the ROT constituted post-trial error. To support this proposition, Appellant points to Article 54(d), UCMJ, 10 U.S.C. § 854(d), that provides that "[a] copy of the record of the proceedings . . . shall be given to the accused as soon as it is authenticated." It is unnecessary for us to resolve whether this constitutes error as Appellant has wholly failed to demonstrate prejudice.

---

[1] Pursuant to the pretrial agreement, an additional specification of divers wrongful distribution of oxycodone was withdrawn and dismissed with prejudice after arraignment.

The "[p]roper completion of post-trial processing is a question of law, which this court reviews de novo." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). If the Defense does not make a timely comment on an error in the SJAR, the error is forfeited "unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Under a plain error analysis, Appellant must persuade this court that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65).

To meet the third prong of the plain error test, Appellant must make "some colorable showing of possible prejudice." *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). While the threshold is low, there must be some colorable showing of possible prejudice. *Id.*

Appellant's argument as to prejudice is overly generalized and speculative. Appellant argues that this 16-day delay prejudiced Appellant because memories generally fade over time and it "limited his ability to quickly recall and then focus on any issues he felt needed to be addressed." Appellant has not, either in clemency or on appeal, identified any issues with the trial that he desired to address in his clemency submission. Further, he also fails to articulate or even attempt to explain how a potential loss of memory would have actually impacted his clemency submission. *Cf. United States v. Gilbreath*, 57 M.J. 57, 61–62 (C.A.A.F. 2002) (holding that when considering whether new matter included in an unserved addendum to a staff judge advocate recommendation prejudiced an appellant, the appellant should assert what, if anything, he would have submitted to deny, counter, or explain matters submitted by the Government). Such generalized speculation is insufficient to demonstrate a colorable showing of prejudice.[2]

---

[2] We also decline to grant relief under *United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002). Under Article 66(c), UCMJ, 10 U.S.C. § 866(c), this court is empowered "to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a), if it deems relief appropriate under the circumstances." *Tardif*, 57 M.J. at 224 (quoting *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)). In *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006), our superior court held that a service court may grant relief even when the delay was not "most extraordinary." The court held, "The essential inquiry remains appropriateness in light of all circumstances, and no single predicate criteria of 'most extraordinary' should be erected to foreclose application of Article 66(c), UCMJ, consideration or relief." *Id.* On the whole, we find that the delay does not merit sentencing relief in this case.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court