IN THE CASE OF


UNITED STATES, Appellee

v.

Jonathan G. SCALO, Private (E-1)
U.S. Army, Appellant

No. 04-0250

Crim. App. No. 20020624

United States Court of Appeals for the Armed Forces

Argued November 8, 2004

Decided February 8, 2005


EFFRON, J., delivered the opinion of the Court, in which
GIERKE, C.J., BAKER, and ERDMANN, JJ., joined.  CRAWFORD, J.,
filed a separate opinion concurring in the result.


Counsel


For Appellant:  Major Sean S. Park (argued); Colonel Mark
    Cremin, Colonel Robert D. Teetsel, Lieutenant Colonel Mark
    Tellitocci and Captain Kathleen D. Schmidt (on brief).

For Appellee:  Captain Magdalena A. Przytulska (argued); Colonel
    Steven T. Salata, Lieutenant Colonel Margaret B. Baines,
    Lieutenant Colonel Theresa A. Gallagher and Lieutenant
    Colonel Mark L. Johnson (on brief).


Military Judge:  Jeffrey D. Smith


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

At a general court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of wrongful use of marijuana (four specifications), wrongful possession of marijuana (three specifications), and forgery (two specifications), in violation of Articles 112a and 123, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a and 923. He was sentenced to a bad-conduct discharge, confinement for fourteen months, and forfeiture of all pay and allowances. The convening authority approved these results and suspended confinement in excess of twelve months for twelve months pursuant to a pretrial agreement. The United States Army Court of Criminal Appeals affirmed. United States v. Scalo, 59 M.J. 646 (A. Ct. Crim. App. 2003) (en banc).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE UNITED STATES ARMY COURT OF
> CRIMINAL APPEALS ERRED BY HOLDING THAT THE
> STAFF JUDGE ADVOCATE'S FAILURE TO ADVISE THE
> CONVENING AUTHORITY OF THE NATURE AND
> DURATION OF APPELLANT'S PRETRIAL RESTRAINT
> DID NOT CONSTITUTE PREJUDICIAL ERROR.

Because Appellant failed to make a colorable showing of possible prejudice from the error in the post-trial recommendation, we affirm the decision of the Army Court of Criminal Appeals.

2

United States v. Scalo, No. 04-0250/AR

## I. BACKGROUND

As we observed in United States v. Finster, 51 M.J. 185, 186 (C.A.A.F. 1999):

> One of the distinguishing features of the military justice system is the broad authority of the commander who convened a court-martial to modify the findings and sentence adjudged at trial. Although frequently exercised as a clemency power, the commander has unfettered discretion to modify the findings and sentence for any reason -- without having to state a reason -- so long as there is no increase in severity.

See also United States v. Davis, 58 M.J. 100, 102 (C.A.A.F. 2003)(describing the convening authority as the accused's best hope for clemency). When a sentence includes a punitive discharge or confinement for one year or more, the convening authority must receive a written recommendation from his or her staff judge advocate (SJA) before taking action on the case. Article 60(d), UCMJ, 10 U.S.C. § 860(d); Rule for Courts-Martial (R.C.M.) 1106(a). The President has issued detailed guidance as to the material that must be set forth in the SJA's recommendation, including "[a] statement of the nature and duration of any pretrial restraint." R.C.M. 1106(d)(3)(D).

The SJA's recommendation plays a vital role in providing the convening authority with complete and accurate advice in the exercise of command discretion. See Finster, 51 M.J. at 187. Accurate advice is particularly important in light of the fact

3

that the convening authority is not required to review the record of trial personally before taking action.  See United States v. Diaz, 40 M.J. 335 (C.M.A. 1994).

In the present case, the SJA reported to the convening authority that Appellant had not been subject to any pretrial restraint.  The parties agree that the SJA erred, overlooking the fact that Appellant had been restricted to the confines of Fort Stewart, Georgia, for forty-four days prior to his court-martial.  The defense counsel did not comment on this omission.

## II. DISCUSSION

If defense counsel does not make a timely comment on an omission in the SJA's recommendation, the error is waived unless it is prejudicial under a plain error analysis.  R.C.M. 1106(f); United States v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2000).  We conduct a de novo review of this issue.  Kho, 54 M.J. at 65.  To prevail under a plain error analysis, Appellant must persuade this Court that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right."  Id.; see United States v. Powell, 49 M.J. 460, 463, 465 (C.A.A.F. 1998).

The granted issue in the present appeal involves the third prong of the plain error test -- an appellant's burden to establish that the error materially prejudiced a substantial

4

right.  To meet this burden in the context of a post-trial recommendation error, whether that error is preserved or is otherwise considered under the plain error doctrine, an appellant must make "some colorable showing of possible prejudice."  Kho, 54 M.J. at 65 (citing United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998)).  The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion.  See, e.g., Wheelus, 49 M.J. at 289.

The threshold is low, but there must be some colorable showing of possible prejudice.  See Kho, 54 M.J. at 65.  In the context of a convening authority's exercise of post-trial discretion, the omission of pretrial restraint information is not inherently prejudicial.  There must be a colorable showing of possible prejudice in terms of how the omission potentially affected an appellant's opportunity for clemency.

Appellant argues that we should find a colorable showing of possible prejudice by looking at his loss of liberty in conjunction with the clemency matters submitted to the convening authority and his compliance with a pretrial agreement.  According to Appellant, he was a strong candidate for clemency,

and knowledge of his pretrial restraint could have been the additional factor that would have persuaded the convening authority to grant clemency. Appellant further maintains that if the pretrial restraint information had been included in the SJA's recommendation, the convening authority could have noticed that Appellant served his pretrial restraint without disciplinary problems, which could have made the convening authority more likely to grant clemency.

Appellant's argument does not reveal any connection between the time he spent in pretrial restraint and his clemency request. The petition for clemency that Appellant submitted to the convening authority highlighted Appellant's cooperation with authorities, acceptance of responsibility, and desire to witness the birth of his child. Appellant did not directly or indirectly refer to the pretrial restraint or suggest that the convening authority should take it into account in considering clemency. Moreover, the 44-day period of pretrial restraint was not of such unusual duration that there is a reasonable likelihood that the length alone -- without any mention by Appellant -- would have attracted the convening authority's attention for purposes of clemency. Under these circumstances, Appellant has not made a colorable showing of possible prejudice.

## III. CONCLUSION

Accordingly, the decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Scalo, No. 04-0250/AR

CRAWFORD, Judge (concurring in the result):

I concur in the result for the reasons set forth in United States v. Kho, 54 M.J. 63, 65-66 (C.A.A.F. 2000)(Crawford, C. J. (concurring in the result)).