# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM 39140

————————————

### UNITED STATES
*Appellee*

**v.**

### Darius M. JONES
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 April 2017

————————————

*Military Judge:* Matthew P. Stoffel.

*Approved sentence:* Bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 22 June 2016 by GCM convened at Joint Base Elmendorf-Richardson, Alaska.

*For Appellant:* Major Lauren A. Shure, USAF; Captain Travis L. Vaughan, USAF.

*For Appellee:* Colonel Martin J. Hindel, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges.*

Judge SPERANZA delivered the opinion of the court, in which Senior Judges MAYBERRY and JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SPERANZA, Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas pursuant to a pretrial agreement, of wrongfully using 3,4 methylenedioxymethamphetamine (MDMA), lysergic acid diethylamide (LSD), and marijuana on divers occasions, and wrongfully endeavoring to impede his urinalysis inspection by submitting urine from a flask rather than his body, in violation of Articles 112a and 134 Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the adjudged sentence consistent with the terms of the pretrial agreement.

On appeal, Appellant claims the staff judge advocate's erroneous recommendation to the convening authority entitles him to "meaningful relief." We agree.

## I. BACKGROUND

Approximately one month after arriving at his first duty station in Alaska, Appellant was using either MDMA, LSD, or marijuana at least every other weekend with other Airmen over at least a two-month period. Appellant and these Airmen were determined not to let Appellant's random selection for urinalysis end this prolific streak. Accordingly, Appellant's friends—other Airmen—provided him with a plastic "flask" filled with online-purchased urine that Appellant used to circumvent the urinalysis inspection.

## II. DISCUSSION

Less than one month after his court-martial and prior to receiving the authenticated record of trial and SJAR, Appellant submitted a clemency request to the convening authority in which he specifically sought a two-month reduction of his adjudged confinement. Appellant requested no other relief.

In the SJAR, the convening authority's staff judge advocate (SJA) did not address Appellant's request and advised the convening authority, in pertinent part, "You do not have the authority to disapprove, commute or suspend in whole or in part confinement or the punitive discharge." The SJA concluded by recommending the convening authority approve the adjudged sentence.

After receiving the SJAR, Appellant waived the time requirements to submit matters and Appellant's trial defense counsel reiterated Appellant's original request, as follows:

> [In accordance with Rules for Courts-Martial (R.C.M.) 1107(d)(1)(A)] and acting on behalf of [Appellant], I submitted a clemency request . . . wherein [Appellant] requested that his 6-month sentence be mitigated by two months to four months. This was and is his only request.

Appellant's trial defense counsel further explained,

> Although the [R.C.M.] have changed in regards to the authority the convening authority has over sentences with confinement, the convening authority is still authorized to commute, in whole or in part, any portion of an adjudged sentence of confinement of six months or less.

Accordingly, Appellant "renew[ed] his request to shorten his sentence to four months, and waive[d] any additional clemency so the convening authority [could] make the decision as soon as possible."

The SJA attached Appellant's original clemency request and the "renewed" request to the SJAR Addendum. In the Addendum, the SJA advised the convening authority that attached matters submitted by Appellant must be considered before action is taken. The SJA maintained no legal errors had been raised and addressed Appellant's clemency request, as follows:

> I also reviewed the attached clemency matters submitted by [Appellant's] defense counsel, whereby [Appellant] requested you mitigate his sentence to confinement to four months. My earlier recommendation remains unchanged. I recommend that you approve the finding and sentence as adjudged.

The convening authority concurred with the SJA's recommendation and approved the adjudged sentence.

Appellant now identifies the SJA's advice—that the convening authority could not disapprove, commute, or suspend, in whole or in part, Appellant's confinement—as a prejudicial error that precluded any "meaningful review" of his clemency request. Appellant specifically asserts that "[h]ad the convening authority known of [his] power, he may well have commuted the mere two months of Appellant's confinement which Appellant requested, at the least he would have fairly considered the option." Therefore, Appellant claims that he "can never retrieve the two months spent in confinement deprived of liberty, and no remedy can make him truly whole." Despite his proclamation that no remedy can make him whole, Appellant asks us to set aside either two months of confinement or his punitive discharge, or in the alternative, remand his case for new post-trial processing.

The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). "Absent defense waiver or forfeiture . . . , erroneous advice on substantial matters of fact or law will invalidate the action when the error prejudices the accused." *United States v. Kerwin*, 46 M.J. 588, 590 (A.F. Ct. Crim. App. 1996). To establish prejudice due to errors impacting an appellant's request for clemency from the convening authority, the appellant must make "some 'colorable showing of possible prejudice.'" *LeBlanc*, 74 M.J. at 660 (quoting *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Scalo*, 60 M.J. at 437.

Here, the SJA plainly erred in advising the convening authority that he lacked the authority to provide Appellant the specific relief Appellant sought in clemency.[1] Although the convening authority's power to grant clemency was significantly curtailed by relatively recent legislation, the convening authority retained the ability to disapprove, commute, or suspend, in whole or in part, Appellant's six-month term of confinement. *See* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A).[2] Consequently, Appellant's trial defense counsel correctly informed the convening authority that he was "still authorized" to grant Appellant the relief Appellant twice requested. This contradictory advice was not discussed or resolved by the SJA in the Addendum. Instead, the SJA cursorily acknowledged Appellant's requests and reiterated the previous recommendation. This failure to correct the erroneous advice in the SJAR unavoidably leads to undue speculation as to whether or not the convening authority believed he was authorized to even consider, let alone grant in whole or in part, Appellant's specific and sole clemency request. *See Scalo*, 60 M.J. at 437. Thus,

---

[1] Once again, the Government asks us to read Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A), as prohibiting the convening authority from disapproving, commuting, or suspending any part of a six-month or less term of confinement, if the sentence also includes a punitive discharge. Once again, we reject such an interpretation of this particular statutory provision and find that the convening authority *may* disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for six months or less when a punitive discharge is also adjudged. *See* Article 60(c)(1)(3)–(4), UCMJ.

[2] As all offenses occurred after 24 June 2014, the current version of Article 60 applies.

Appellant has made a colorable showing of possible prejudice and his claim merits relief.[3]

### III. CONCLUSION

The convening authority's action, dated 29 August 2016, is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for new post-trial processing consistent with this opinion. Thereafter, Article 66, UCMJ, 10 U.S.C. § 866, will apply.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[3] We decline Appellant's invitation to grant appropriate sentence relief by setting aside a portion of his confinement or his punitive discharge "[i]n order to emphasize the importance of accurate advice to convening authorities, and to avoid further post-trial delay in this case." The facts of this case, and indeed the law, do not demand such an extraordinary exercise of this court's authority.