# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32385**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Ryan M. TROESTER**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 May 2017

————————————

*Military Judge:* Tiffany M. Wagner.

*Approved sentence:* Bad-conduct discharge, confinement for 25 days, and forfeiture of $780 pay. Sentence adjudged 27 January 2016 by SpCM convened at Columbus Air Force Base, Mississippi.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Chief Judge DREW delivered the opinion of the Court, in which Senior Judge J. BROWN and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DREW, Chief Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his plea and pursuant to a pretrial agreement (PTA) of divers wrongful use of methamphetamine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, and divers dereliction of

duty by drinking alcohol while under 21 years of age, in violation of Article 92, UCMJ, 10 U.S.C. § 892.[1] Appellant raises one issue for our consideration: whether the Addendum to the Staff Judge Advocate's Recommendation (SJAR) failed to correct an error in Appellant's clemency submission. We find that the Addendum to the SJAR correctly stated the law and there was no error in Appellant's clemency submission that required correction. Accordingly, we affirm the findings and sentence.

## I. BACKGROUND

In Appellant's clemency submission to the convening authority, his trial defense counsel included the following:

> The military judge sentenced AB Troester to 25 days confinement, a Bad Conduct Discharge, and $780 forfeitures of pay. AB Troester requests that you disapprove the adjudged forfeitures.
>
> . . . .
>
> **LAW**
>
> . . . .
>
> R.C.M. 1107(d)(1)(D) permits you, as the convening authority, to disapprove, commute, or suspend forfeitures of pay and allowances. R.C.M. 1007(d)(1)(B) prohibits you from disapproving a Bad Conduct Discharge as part of a sentence.
>
> . . . .
>
> **CLEMENCY:** AB Troester respectfully requests that you disapprove the adjudged forfeitures.

Appellant's own clemency memorandum to the convening authority repeated his counsel's accurate assessment of his desired clemency request, along with his rationale: "Sir, I would like to kindly ask that you consider all variables in my case, and withdraw the portion of punishment regarding forfeitures of $780.00. As I said before, I have already served my time in confinement and I understand that I will receive a Bad Conduct Discharge."

---

[1] Appellant pleaded not guilty and litigated an additional dereliction specification, alleging knowing use of oxycodone in a manner contrary to its intended medical purpose. The military judge acquitted Appellant of the oxycodone offense.

The SJAR and the Addendum (the latter, prepared after Appellant submitted his clemency matters) recommended that the convening authority approve the sentence as adjudged. In addition, the Addendum stated that "[t]he defense does not allege legal error." Attached to the Addendum was a proposed Action of the Convening Authority which would approve the findings and sentence as adjudged. Neither the SJAR nor the Addendum advised the convening authority that his authority to approve or disapprove the findings or sentence were limited in any way.[2] The convening authority approved the findings and sentence as adjudged.

## II. DISCUSSION

Appellant asserts on appeal that his counsel's silence regarding whether the convening authority could disapprove a portion of his confinement constituted legal error that the staff judge advocate was affirmatively required to address and clarify for the convening authority. We are unpersuaded by Appellant's argument.

The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). If defense counsel fails to timely comment on an error or omission in the SJAR, that error is forfeited unless it is prejudicial under a plain error analysis. *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). To prevail, under plain error review, Appellant must demonstrate: "(1) there was an error; (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65). "Absent defense waiver or forfeiture . . . , erroneous advice on substantial matters of fact or law will invalidate the action when the error prejudices the accused." *United States v. Kerwin*, 46 M.J. 588, 590 (A.F. Ct. Crim. App. 1996). To establish prejudice due to errors impacting an appellant's request for clemency from the convening authority, the appellant must make "some 'colorable showing of possible prejudice.'" *LeBlanc*, 74 M.J. at 660 (quoting *Scalo*, 60 M.J. at 437). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how cer-

---

[2] Appellant's PTA with the convening authority limited the amount of confinement that the convening authority could approve to no more than five months. Accordingly, the PTA did not limit the convening authority's ability to approve the sentence as adjudged.

tain information might impact the convening authority's exercise of such broad discretion." *Scalo*, 60 M.J. at 437.

Citing *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (decision without published opinion), Appellant claims that the Addendum to the SJAR was erroneous because it failed to correct an error in his own clemency submissions. In *Addison*, the appellant's clemency submission erroneously stated that an amendment to Article 60, UCMJ, 10 U.S.C. § 860, applied to his case. However, Appellant and his counsel here made no similar error in his clemency submissions.

Appellant contends that his trial defense counsel's failure to apprise the convening authority that he had the power to disapprove, commute, or suspend, in whole or in part, Appellant's adjudged sentence of confinement, was functionally the same as advising the convening authority that he did not have such power. It is not. Nowhere in Appellant's clemency submissions does he or his counsel advise the convening authority that he may not disapprove, commute, or suspend, the adjudged confinement. Not requesting particular relief is not the same as affirmatively advising that such relief is legally unavailable.

This court will not second guess an appellant's tactical decision to focus his clemency request on particular areas that are either more important to him or, in his view, more likely to garner success. As Appellant stated, he had already served his 25 days of confinement when he sought clemency from the convening authority and he chose to focus on seeking relief from the adjudged forfeitures. He now prognosticates that if he had also sought relief from the confinement, he might have been able to recover the money subject to automatic forfeitures during his confinement, had the convening authority granted his request.

We will not speculate as to how the convening authority might have responded to a different clemency request, nor will we permit an appellant another bite of the apple simply because his first clemency request did not prove fruitful. We certainly will not require staff judge advocates to advise convening authorities of what an accused might have requested in clemency or what his trial defense counsel might have advised was a different course to pursue. Where trial defense counsel misstates the law in a clemency submission to the convening authority, the staff judge advocate is duty-bound to correct it in the Addendum to ensure that the convening authority exercises that authority in conformity with the law. Here, the trial defense counsel and Appellant himself made a well-reasoned decision to pursue relief from the adjudged forfeitures. Neither trial defense counsel nor the staff judge advocate misstated the law or otherwise incorrectly advised the convening authority that his power was limited in a way that it was not.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court