# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32396

————————————

### UNITED STATES
*Appellee*

**v.**

### Rashaad D. Mickens
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 18 May 2017

————————————

*Military Judge:* James R. Dorman.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, and a reprimand. Sentence adjudged 2 March 2016 by SpCM convened at Offutt Air Force Base, Nebraska.

*For Appellant:* Captain Travis L. Vaughan, USAF.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Judge MINK delivered the opinion of the court, in which Chief Judge DREW and Senior Judge J. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MINK, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas pursuant to a pretrial agreement (PTA), of wrongfully using marijuana, Alprazolam, and Lorazepam, each on divers occasions, and being incapacitated for duty due to wrongful previous overindulgence in drugs, in violation of Articles 112a and 134, Uniform Code

of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, and a reprimand.[1] The convening authority approved the bad-conduct discharge and the reprimand, but only three months of confinement in accordance with the terms of the PTA, which limited the confinement the convening authority would approve to three months if Appellant was adjudged a bad-conduct discharge.

Though not raised by Appellant, an error in the staff judge advocate's recommendation (SJAR) to the convening authority compels us to remand this case for new post-trial processing.

## I. BACKGROUND

At the conclusion of his court-martial, Appellant was sentenced to a bad-conduct discharge, six months of confinement, and a reprimand. The staff judge advocate (SJA) then prepared the SJAR for the convening authority. The SJAR stated, in pertinent part, that the convening authority did not have the "authority to disapprove, commute, or suspend in whole or in part confinement or the punitive discharge." After discussing the provisions of the PTA and its impact on the convening authority's power, the SJA concluded by recommending that the convening authority approve only the bad-conduct discharge and three months of confinement in compliance with the limitation on confinement contained in the PTA.

In Appellant's clemency request, Appellant's defense counsel stated that the convening authority had the power to "disapprove, commute, or suspend, in whole or in part, among other things, an adjudged term of confinement so long as the adjudged confinement does not exceed six months" and requested that the convening authority only approve an amount of confinement equal to the approximate one and one-half months that Appellant had already served in confinement. Appellant requested no other relief from the adjudged sentence.

The addendum to the SJAR did not address Appellant's statement regarding the convening authority's power to grant clemency nor the specific request to approve only the amount of confinement already served by Appellant. The SJA did attach Appellant's clemency matters to the SJAR addendum and advised the convening authority that he must consider those matters submitted by Appellant before taking action. The SJA addressed Appellant's clemency

---

[1] An additional specification alleging wrongful use of cocaine was withdrawn and dismissed in accordance with the pretrial agreement.

request in the SJAR addendum as follows: "I have reviewed the attached clemency matters submitted by the defense. My earlier recommendation remains unchanged." The convening authority subsequently approved a bad-conduct discharge, three months of confinement, and a reprimand.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). "Absent defense waiver or forfeiture . . . , erroneous advice on substantial matters of fact or law will invalidate the action when the error prejudices the accused." *United States v. Kerwin*, 46 M.J. 588, 590 (A.F. Ct. Crim. App. 1996). To establish prejudice due to errors impacting an appellant's request for clemency from the convening authority, the appellant must make "some 'colorable showing of possible prejudice.'" *LeBlanc*, 74 M.J. at 660 (quoting *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Scalo*, 60 M.J. at 437.

In this case, the SJA plainly erred in advising the convening authority that he lacked the power to provide Appellant the specific relief Appellant sought in clemency. Although the convening authority's power to grant clemency was significantly curtailed by relatively recent legislation, the convening authority retained the ability to disapprove, commute, or suspend, in whole or in part, Appellant's six-month term of confinement. *See* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A);[2] *see also United States v. Jones*, No. ACM 39140, 2017 CCA LEXIS 310 (A.F. Ct. Crim. App. 28 Apr. 2017). This was true regardless of the limitation imposed by the PTA on the confinement the convening authority could approve, since the limitation was just that, a maximum and not a minimum amount of confinement that could be imposed. Consequently, Appellant's trial defense counsel correctly informed the convening authority that he had the discretion to grant the relief Appellant requested. The conflict between trial defense counsel's correct statement of the law and the SJA's advice was not discussed nor resolved by the SJA in the addendum. Instead, the SJA cursorily acknowledged Appellant's request and reiterated her previous recom-

---

[2] As all offenses occurred after 24 June 2014, the current version of Article 60, UCMJ, 10 U.S.C. § 860, applies.

mendation. This failure to correct the erroneous advice in the SJAR unavoidably leads to undue speculation as to whether or not the convening authority believed he was authorized to even consider, let alone grant in whole or in part, Appellant's specific and sole clemency request. *See Scalo,* 60 M.J. at 437. Therefore, a colorable showing of possible prejudice exists which merits relief.

## III. CONCLUSION

The convening authority's action, dated 29 August 2016, is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for new post-trial processing consistent with this opinion. Thereafter, Article 66, UCMJ, 10 U.S.C. § 866, will apply.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court