# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32357 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon A. WITHEE**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

*Upon further review*

Decided 11 July 2017

————————————

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, and reduction to E-1. Sentence adjudged 20 October 2015 by SpCM convened at Joint Base Lewis–McChord, Washington.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Major Tyler B. Musselman, USAF; Major Mary Ellen Payne, USAF; Major Andre L. Pennington, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges.*

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

JOHNSON, Senior Judge:

A special court-martial composed of a military judge found Appellant guilty in accordance with his pleas of one specification of wrongfully using 3,4 methylenedioxymethamphetamine (MDMA) on divers occasions and one specification of wrongfully using psilocybin (mushrooms) on divers occasions, both in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The court-martial sentenced Appellant to a bad-conduct discharge, confinement for 45 days, and reduction to E-1. The convening authority approved the sentence as adjudged but deferred Appellant's reduction in grade until he took action on the court-martial and waived the automatic forfeiture of Appellant's pay pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b, for the benefit of Appellant's spouse.

On our initial review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), we found new post-trial processing was required because a term of the pretrial agreement (PTA) between Appellant and the convening authority required Appellant to waive his right to submit matters for clemency, in violation of Rule for Courts-Martial (R.C.M.) 705(c)(1)(B). *United States v. Withee*, No. ACM S32357, 2017 CCA LEXIS 103, at *13 (A.F. Ct. Crim. App. 15 Feb. 2017). Accordingly, the record of trial was returned to the convening authority and Appellant was afforded the opportunity he was previously denied to submit matters to the convening authority in accordance with R.C.M. 1105. Having considered Appellant's submission, the convening authority again approved the sentence as adjudged. The case is now before us once more for Article 66(c) review.

Appellant now raises an additional assignment of error: Whether a new action is warranted because the convening authority's second action gave force and effect to the void original action. We find a third action is not required, and we affirm.

## I. BACKGROUND

Our original opinion in Appellant's case included the following decretal language:

> Paragraph 2.g. of the pretrial agreement between Appellant and the convening authority is void. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

*Withee*, unpub. op. at *13–14.

Appellant's case was remanded to the convening authority on 17 March 2017. On 3 April 2017, the convening authority's staff judge advocate (SJA) prepared a second addendum to the original staff judge advocate's recommendation (SJAR). This second addendum summarized the procedural history of the case, explained the need for a new action, and recommended the convening authority once again approve the sentence as adjudged. The second addendum and its attachments were served on Appellant and his new area defense counsel (ADC) on 3 and 4 April 2017, respectively. On 12 April 2017, Appellant's ADC submitted a clemency request on his behalf, requesting the convening authority disapprove the adjudged confinement. In addition, Appellant's ADC contended that because this court invalidated the original convening authority action, Appellant's reduction in rank—which had been deferred until action—was never effective, entitling him to back pay and interest for the difference in pay between his original and reduced ranks.

The SJA provided the convening authority a third addendum to the SJAR on 14 April 2017 which, *inter alia*, again recommended approving the findings and sentence as adjudged. On 17 April 2017, the convening authority issued a new action which read as follows:

> In the case of [Appellant] . . . the record of trial having been returned by the Air Force Court of Criminal Appeals with direction that a new action be accomplished, *the action taken by me on 9 November 2015, is withdrawn*, and [the promulgating order] is rescinded and the following is substituted for the original action: In the case of [Appellant] . . . , the entire sentence is approved and, except for the bad conduct discharge, will be executed. The term of confinement having been served, no place of confinement is designated. Pursuant to Article 57, Section (a)(2), [UCMJ], *reduction to the grade of E-1 was deferred from 28 October 2015 until 9 November 2015*. Pursuant to Article 58, Section (b), [UCMJ], $1,292.00 pay per month of the mandatory forfeitures were waived for a period of 6 months or release from confinement, whichever is sooner, with the waiver commencing on 28 October 2015. The $1,292.00 pay per month was directed to be paid to [Appellant's spouse] for the benefit of herself. *Unless*

*competent authority otherwise directs, [Appellant] will be required, under Article 76a, UCMJ, to take leave pending completion of appellate review.* (Emphasis added.)*

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). If we find error, Appellant must nevertheless make some "colorable showing of possible prejudice" to his opportunity to secure clemency from the convening authority in order to secure relief. *United States v. LeBlanc*, 74 M.J. 650, 660 (C.A.A.F. 2015) (quoting *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005)).

R.C.M. 1107(f)(2) provides in pertinent part: "When so directed by a higher reviewing authority or by the Judge Advocate General, the convening authority shall modify any incomplete, ambiguous, void, or inaccurate action noted in the review of a record of trial under Article[ ] . . . 66 . . . . The convening authority shall personally sign any supplementary or corrective action."

Article 57(a), UCMJ, provides in part:

> (1) Any forfeiture of pay or allowances or reduction in grade that is included in a sentence of a court-martial takes effect on the earlier of—
>
>> (A) the date that is 14 days after the date on which the sentence is adjudged; or
>
>> (B) the date on which the sentence is approved by the convening authority.
>
> (2) On application by an accused, the convening authority may defer a forfeiture of pay or allowances or reduction in grade that would otherwise become effective under paragraph (1)(A) until the date on which the sentence is approved by the convening authority. Such a deferment may be rescinded at any time by the convening authority.

---

* The reference to Article 58(b), UCMJ, is evidently a typographical error. Article 58(b) relates to the execution of a sentence to confinement that involves hard labor. 10 U.S.C. § 858(b). Presumably, the intent was to reference Article 58b(b), UCMJ, which enables a convening authority to waive automatic forfeiture of pay required by Article 58b(a) for the benefit of an accused's dependent family members. 10 U.S.C. § 858b.

10 U.S.C. § 857(a).

Article 58b(a), UCMJ, provides, *inter alia*, that a special court-martial sentence that includes a bad-conduct discharge and confinement for less than six months results in a forfeiture of two-thirds of the accused's pay during the period of confinement. Such forfeitures are subject to deferral by the convening authority as provided in Article 57(a). 10 U.S.C. § 858b(a).

Article 76a, UCMJ, provides that under regulations prescribed by the Secretary concerned, an accused whose sentence includes an unsuspended punitive discharge may be required to take leave pending completion of the appellate review of his court-martial, effective on the date the convening authority takes action or at any time thereafter. 10 U.S.C. § 876a.

## B. Analysis

Appellant now requests this court order yet another post-trial process "with instructions that Appellant can only be placed on involuntary leave upon lawful approval of his sentence, consistent with Article 76a, UCMJ." Essentially, Appellant argues this court's prior ruling voided and set aside the convening authority's original action. In Appellant's view, the elimination of the action had several significant effects. First, it extended the deferment of his reduction in rank from 9 November 2015, the date of the original action, until a valid, final action is taken. Similarly, pursuant to Article 76a, UCMJ, it delayed the effective date of his involuntary appellate leave. Furthermore, Appellant contends yet another action is required because the convening authority's second action on 17 April 2017 improperly gave effect to the void original action by, for example, purporting to "withdraw" the original action and to limit the period of deferred reduction from 28 October 2015 until 9 November 2015. We are not persuaded a new action is required.

First, we note that although our previous decision in this case struck the improper PTA term and directed a new post-trial process, it did not expressly void or set aside the original action. Certainly, the original action would be, and was, replaced in the course of the new post-trial process. However, Appellant has identified no authority for the proposition that our ruling immediately rendered the original action completely bereft of legal effect.

Second, R.C.M. 1107(f)(2) provides that a convening authority may "modify" even a "void" action when so directed by a higher reviewing authority, such as this court. "Modification" implies the continued existence of the thing being modified. Thus the language of the rule undermines Appellant's argument that our prior ruling instantaneously nullified the original action.

Third, with respect to the deferred reduction in rank, Article 57(a)(2) provides the convening authority may rescind the deferment "at any time." The record indicates that when the convening authority granted the deferment,

when he took action for the first time, and when he took action for the second time, at each point the convening authority intended for the deferment to last only until the date of his original action, 9 November 2015.

Consequently, we are not persuaded the convening authority's 17 April 2017 action is erroneous or that a third action is required.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court