# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32469

————————————

### UNITED STATES
*Appellee*

**v.**

### Morgan C. HILL
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 November 2017

————————————

*Military Judge:* Michael D. Schag.

*Approved sentence:* Bad-conduct discharge, confinement for 75 days, and reduction to E-1. Sentence adjudged 23 March 2017 by SpCM convened at McConnell Air Force Base, Kansas.

*For Appellant:* Captain Patrick A. Clary, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF.

Before DREW, MAYBERRY, and DENNIS, *Appellate Military Judges*.

Senior Judge MAYBERRY delivered the opinion of the court, in which Chief Judge DREW and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MAYBERRY, Senior Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas, of one specification of divers wrongful use of methamphetamine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. Appellant was sentenced to a bad-conduct discharge, confinement for six months, forfeiture of $900.00 pay

for six months, and reduction to the grade of E-1.[1] The convening authority deferred the adjudged and automatic forfeitures of pay until action in accordance with Articles 57a and 58b, UCMJ, 10 U.S.C. §§ 857a, 858b, and approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 75 days, and reduction to the grade of E-1.

This case was submitted to us on its merits with no assignments of error. However, we address an issue not raised by the parties involving errors during post-trial processing. We remand for new post-trial processing.

## I. BACKGROUND

Appellant was addicted to methamphetamine. After his spouse committed suicide, likely drug related, Appellant provided a urine sample that came back positive for methamphetamine. Shortly after providing the sample, but before the results were known, he attempted suicide. After a brief hospitalization, Appellant was released. Within two weeks, he attempted suicide again. During his second hospitalization, the positive drug test was received. Appellant confessed to methamphetamine use. He remained hospitalized for detoxification treatment and the charge was preferred prior to his release. Within days of being released, he used methamphetamine again and contacted his unit for help. He was placed in pretrial confinement until his trial ten days later.

In accordance with his pretrial agreement, Appellant pleaded guilty to divers use of methamphetamine over a four month period. During his *Care*[2] inquiry, he indicated a civilian neighbor introduced him to the drug and he admitted he regularly used methamphetamine with that civilian as well as with another civilian. Initially, the civilians provided the drugs for free, but eventually Appellant purchased the drug in small amounts from his civilian friends. Appellant stated that he did not use marijuana with his spouse because he was afraid it would be detected and his drug buddies told him methamphetamine stayed in the system only a short time. There were no material errors associated with the plea, findings, or adjudged sentence. Post-trial processing included a series of errors, culminating in erroneous advice to the convening authority, ambiguous action by the convening authority, and an erroneous court-martial order (CMO).

---

[1] A pretrial agreement between Appellant and the convening authority provided the latter would approve no confinement in excess of 75 days, but included no other limitations on the sentence he could approve.

[2] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

## II. DISCUSSION

The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). "Absent defense waiver or forfeiture . . . , erroneous advice on substantial matters of fact or law will invalidate the action when the error prejudices the accused." *United States v. Kerwin*, 46 M.J. 588, 590 (A.F. Ct. Crim. App. 1996). To establish prejudice due to errors impacting an appellant's request for clemency from the convening authority, the appellant must make some "colorable showing of possible prejudice." *LeBlanc*, 74 M.J. at 660 (quoting *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Scalo*, 60 M.J. at 437.

### A. Documented Errors

The military judge's announced sentence included "forfeiture of $900 for six months." Shortly after trial, Appellant requested deferment of the automatic forfeitures, adjudged forfeitures, and reduction in rank. Appellant's counsel erroneously listed the adjudged forfeitures as "2/3 forfeitures for 90 days." The convening authority deferred the automatic and adjudged forfeitures, but not the reduction in rank.

The report of result of trial (RRT) mistakenly includes adjudged "forfeitures of $1066.00 pay *per month* for six months" and was later "corrected" to read "forfeitures of $900.00 pay *per month* for six months." Additionally, the attached personal data sheet (PDS) mistakenly lists Appellant as being married with one dependent. The PDS offered at trial correctly lists Appellant as being a widow[er] with no dependents.

The staff judge advocate's recommendation (SJAR) repeats the erroneous adjudged forfeitures and recommends the forfeitures of "$900 per month for six months" be approved. The SJAR also misstates the maximum punishment as confinement for five years versus the statutory cap of one year at a special court-martial.[3]

---

[3] Appellate defense counsel identifies the maximum punishment error in the SJAR but asserts Appellant suffered no colorable prejudice. We agree with appellate defense counsel's prejudice assessment as to the singular error regarding the maximum punishment.

Appellant's clemency submission also repeats the erroneous adjudged forfeitures of "2/3 forfeitures for 90 days" asserted in the deferment request. The clemency submission does not address any of the RRT, PDS, or SJAR errors. It requests mitigation of the confinement to restriction to allow Appellant to serve the time in an in-patient care facility and disapproval of the reduction in rank and the automatic forfeitures.

The SJAR Addendum changes course and states "my recommendation has changed" and goes on to recommend disapproval of the adjudged and automatic forfeitures.

The CMO, not surprisingly, misstates the adjudged forfeitures as $900.00 pay per month for six months. The action taken by the convening authority, and reflected in the CMO, disapproves the adjudged forfeitures.

## B. Analysis

The convening authority had the authority to disapprove, commute, or suspend, in whole or in part, Appellant's term of confinement (not limited to simply complying with the terms of the PTA limiting the duration to 75 days), his reduction in rank, and his adjudged forfeitures. *See* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A). Automatic forfeitures cannot be disapproved and can only be waived if there are dependents to receive the waived amount. *See* Article 58b(b), UCMJ, 10 U.S.C. § 858b(b).

Appellant's trial defense counsel incorrectly requested the convening authority disapprove the automatic forfeitures. The SJA compounded that error by recommending that the convening authority in fact disapprove the automatic forfeitures, in addition to the misstated amount of adjudged forfeitures. The difference is significant: the misstated amount of $900.00 per month for six months would have totaled $6,400.00 instead of the actual adjudged amount of $900.00, which would have only been $150.00 per month for six months.

The totality of the evidence before us is that the convening authority did not know the exact amount of the forfeitures imposed on Appellant or the true nature of the authority he had to reduce those forfeitures. Based on the language of the action disapproving the adjudged forfeitures, there is evidence that the convening authority intended to grant relief. What we don't know is whether the full extent of his intended relief—clemency— was effectuated by the language of his action. Based on the fact that the SJA's advice to the convening authority was facially wrong, and the action the convening authority signed was drafted by that same SJA, it is reasonable to conclude that the convening authority presumed he was, in fact, disapproving *all* forfeitures. More aptly, it would be unreasonable to expect the convening authority inde-

pendently deciphered what all of the lawyers trained in the nuances of the application of adjudged and automatic forfeitures either did not understand or could not precisely articulate. Thus, the record establishes a colorable showing of possible prejudice and merits relief.

### III. CONCLUSION

The convening authority's action, dated 10 May 2017, is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for new post-trial processing consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court