# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32469 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Morgan C. HILL**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 21 August 2018

————————————

*Military Judge:* Michael D. Schag.

*Approved sentence:* Bad-conduct discharge, confinement for 75 days, and reduction to E-1. Sentence adjudged 23 March 2017 by SpCM convened at McConnell Air Force Base, Kansas.

*For Appellant:* Patrick A. Clary, Major, USAF.

*For Appellee:* Mary Ellen Payne, Major, USAF.

Before MAYBERRY, MINK, and DENNIS, A*ppellate Military Judges.*

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge MINK and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MAYBERRY, Chief Judge:

We have this case for further review because we ordered new post-trial processing because of errors in the addendum to the staff judge advocate's recommendation (SJAR), which misstated the amount of adjudged forfeiture of pay and erroneously recommended the convening authority (CA) disapprove the

automatic forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b. *United States v. Hill*, No. ACM S32469, 2017 CCA LEXIS 718 (A.F. Ct. Crim. App. 21 Nov. 2017) (unpub. op.).

The military judge sentenced Appellant to confinement for six months, forfeitures of $900.00 pay for six months, reduction to the grade of E-1, and a bad-conduct discharge. On 6 April 2017, the original CA deferred the automatic and adjudged forfeitures until action pursuant to Article 57a, UCMJ, 10 U.S.C. § 857a. The original action taken on 10 May 2017 disapproved the adjudged forfeitures. In our previous opinion, we found there were no material errors associated with the pleas, findings, or adjudged sentence but remanded for new post-trial processing in light of the erroneous SJAR addendum. *Id.* at *5, *7. Appellant submitted no supplemental pleading but we address additional errors in the new post-trial process. Finding no error materially prejudicial to the substantial rights of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

On remand, Appellant's case underwent new post-trial processing and the staff judge advocate (SJA) prepared a new SJAR that included an accurate recitation of the adjudged punishment and maximum allowable punishment. Additionally, the SJAR correctly stated the CA could not disapprove, commute, or suspend, in whole or in part, the punitive discharge or automatic forfeitures but did have the authority to disapprove, commute, or suspend, in whole or in part, Appellant's term of confinement, reduction in rank, and adjudged forfeitures. The SJA recommended the CA approve only so much of the sentence that included a bad-conduct discharge, confinement for 75 days, and reduction to the grade of E-1—explicitly recommending the CA disapprove the adjudged forfeitures.

The matters submitted by Appellant's counsel include a comment on "an additional limitation" on the CA's authority not covered by the SJAR. It goes on to state:

> Although the addendum to the first [SJA's] recommendation endorsed the disapproval of the adjudged forfeitures, and the first [CA] action did not approve this portion of the punishment, your [SJA's] current recommendation advises you to approve the adjudged forfeitures. For the following reasons, any convening authority action purporting to approve the adjudged forefeitures [sic] would not be legally sufficient. . . . [N]ew processing . . . cannot lead to a worse outcome for the accused [citing to Article 60(f)(2)(C) and Article 63, UCMJ]. In other words, you are free to provide relief in addition to what was granted by the first [CA] action, but any [CA] action that leaves [Appellant] in a worse

position than the original action would be outside of your discretion.

The 9 April 2018 SJAR addendum does not correct the defense counsel's misstatement as to the 10 January 2018 recommendation to disapprove the adjudged forfeitures and goes so far as to "amend" the recommendation, stating:

> Defense counsel asserts you may not approve the adjudged forfeitures in this case. I concur. Accordingly, my earlier recommendation has changed. I recommend you approve the findings as adjudged and only so much of the sentence as calls for a bad conduct discharge, confinement for 75 days, and reduction to the grade of E-1.

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). If we find error, Appellant must nevertheless make some "colorable showing of possible prejudice" to his opportunity for clemency from the CA in order to secure relief. *United States v. LeBlanc*, 74 M.J. 650, 660 (C.A.A.F. 2015) (quoting *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005)).

R.C.M. 1107(f)(2) provides in pertinent part:

> When so directed by a higher reviewing authority . . . the convening authority shall modify any incomplete, ambiguous, void, or inaccurate action noted in review of the record of trial under Article[ ] . . . 66 . . . . The convening authority shall personally sign any supplementary or corrective action.

### B. Analysis

The errors associated with the new post-trial processing of this case may not have huge financial consequences or persuade this court to exercise its authority to grant relief. They do, however, illustrate a pervasive lack of attention to detail and the importance of correctly documenting the particularities of an appellant's sentence and the applicable law, by both parties.

Under certain circumstances pursuant to R.C.M. 1107(f)(2), the CA's ability to modify an action is expressly restricted in that it cannot "result in action less favorable to the accused than the earlier action." This language is contained in neither the subsequent verbiage of R.C.M. 1107(f)(2) nor R.C.M. 1107(g) authorizing a higher reviewing authority to direct a new action. As

such, defense counsel's reliance on Articles 60(f)(2)(C) and 63, UCMJ, 10 U.S.C. §§ 860(f)(2)(C), 863, is misplaced. Those provisions address proceedings in revision or rehearing, not new post-trial processing. *See also United States v. Garza*, 61 M.J. 799, 802 (A. Ct. Crim. App. 2005).

Appellant has not asserted, and we do not find, any colorable showing of possible prejudice in his opportunity to receive clemency. In the end, Appellant requested and received deferment and ultimately disapproval of the adjudged forfeitures totaling $900.00.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court