# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————

**No. ACM S32505**

————————

**UNITED STATES**
*Appellee*

**v.**

**Timothy R. KIRKLIN**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 December 2018

————————

*Military Judge:* L. Martin Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 5 months, and reduction to E-1. Sentence adjudged 8 November 2017 by SpCM convened at Wright-Patterson Air Force Base, Ohio.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF; Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are **AFFIRMED**.[*]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[*] We note two errors in the promulgating order. First, the Specification of Charge II should list the mitragynine was possessed with an intent to use in a "manner" to alter mood or function, vice in a "matter" to alter mood or function. Second, Specification 9 of Charge III should list alprazolam as a "Schedule" IV controlled substance vice a "Scheduled" IV controlled substance. We direct the publication of a corrected court-martial order to remedy the errors. Additionally, the personal data sheet (PDS) attached to the staff judge advocate's recommendation (SJAR) is dated 23 August 2017; however, the PDS admitted at trial is dated 7 November 2017. While the PDS admitted at trial reflects Appellant's updated basic pay and [Air Force] Good Conduct Medal, we find no colorable showing of possible prejudice due to the errors in the PDS attached to the SJAR. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (citation omitted).