# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32578**

————————————

## UNITED STATES
*Appellee*

**v.**

## Eric C. ERDMANN
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 August 2019

————————————

*Military Judge:* Jennifer J. Raab.

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, forfeiture of $1,256.00 pay per month for 2 months, and reduction to E-2. Sentence adjudged 8 January 2019 by SpCM convened at Ellsworth Air Force Base, South Dakota.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles

59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c).[1] Accordingly, the approved findings and sentence are **AFFIRMED**.[2, 3]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] *Manual for Courts-Martial, United States* (2016 ed.).

[2] We note that the court-martial order (CMO) is not dated the same date as the convening authority's action. *See* Rule for Courts-Martial (R.C.M.) 1114(c)(2) ("A promulgating order shall bear the date of the initial action, if any, of the convening authority"). We also note that the header on the top of page 2 of the CMO is not dated the same date as page 1. We direct a corrected court-martial order to reflect the date of the action.

[3] Although Appellant raises no specific assignment of error, we note the staff judge advocate recommendation erroneously advised the convening authority that the maximum sentence that could be imposed by this special court-martial included, *inter alia*, total forfeitures and a fine. *See* R.C.M. 201(f)(2)(B)(i); R.C.M. 1003(b)(2) and (3); *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226, at *7 (A.F. Ct. Crim. App. 31 Mar. 2017) (unpub. op.). However, under the facts of this case we find no colorable showing of possible prejudice, and therefore we affirm. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (citation omitted); *United States v. Miller*, No. ACM S32433, 2018 CCA LEXIS 207, at *10–11 (A.F. Ct. Crim. App. 25 Apr. 2018) (unpub. op.).