# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32596

————————————

## UNITED STATES
*Appellee*

**v.**

## Jaquan T. HILL
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 27 March 2020

————————————

*Military Judge:* Jennifer E. Powell.

*Sentence*: Sentence adjudged on 29 April 2019 by SpCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 15 May 2019: Bad-conduct discharge, confinement for 7 months, forfeiture of $900.00 pay per month for 4 months, and reduction to E-1.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.[*]

---

[*] After the court-martial adjourned, the military judge signed a Statement of Trial Results (STR) and inserted it into the record of trial in accordance with Rule for Courts-Martial (R.C.M.) 1101(a). The rule lists a number of required contents, including *inter*

*(Footnote continues on next page)*

Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d). *Manual for Courts-Martial, United States* (2019 ed.). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

*alia* "the command by which [the court-martial] was convened." R.C.M. 1101(a)(3). The STR in this case included most of the required contents, and it indicated the squadron and major command to which Appellant was assigned, but it omitted the command which convened the court-martial. *United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (unpub. op.). However, we find no colorable showing of possible prejudice from this minor omission, *see United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)), and we do not find it necessary to direct corrective action pursuant to R.C.M. 1112(d)(2).