# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32573**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Matthew G. HEETER**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 9 February 2021

————————————

*Military Judge:* Jason M. Kellhofer.

*Approved sentence:* Bad-conduct discharge and reduction to E-1. Sentence adjudged 12 December 2018 by SpCM convened at Shaw Air Force Base, South Carolina.

*For Appellant:* Major Yolanda D. Miller, USAF.

Before J. JOHNSON, KEY, and RAMÍREZ, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case is before us for the second time. Previously, this court set aside the convening authority's action and returned the record of trial to The Judge Advocate General for remand to the convening authority for new post-trial processing with assignment of conflict-free defense counsel. *See United States v. Heeter*, No. ACM S32573, 2020 CCA LEXIS 268, at *8–9 (A.F. Ct. Crim. App. 12 Aug. 2020) (finding Appellant met his burden of demonstrating some colorable showing of possible prejudice from post-trial processing errors). New post-trial processing has been accomplished.

A special court-martial composed of a military judge sitting alone found Appellant guilty, pursuant to his pleas, of one charge and one specification of wrongfully using cocaine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Consistent with our remand, a new post-trial processing occurred. In response to a new staff judge advocate recommendation, Appellant submitted new clemency matters and requested the convening authority approve reduction to the grade of E-5 rather than E-1. On 28 October 2020, the convening authority took action and approved the sentence again as adjudged.[2]

Appellant's case was re-docketed with our court for further review on 19 November 2020. Appellant did not file a supplemental brief within 60 days. *See* JT. CT. CRIM. APP. R. 18(d) (1 Aug. 2019).

Upon further review, the approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. § 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] All references in this opinion to the Uniform Code of Military Justice and to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] We note the staff judge advocate recommendation (SJAR) erroneously advised the convening authority that the maximum sentence that could be imposed by this special court-martial included, *inter alia*, a fine in addition to forfeiture of two-thirds pay per month for twelve months, as well as three months of hard labor without confinement and restriction to specified limits for two months in addition to 12 months of confinement. *See* R.C.M. 1003(b)(3), (5), (6); *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226, at *7 (A.F. Ct. Crim. App. 31 Mar. 2017). However, under the circumstances of this case we find no colorable showing of possible prejudice. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (citations omitted).