# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32397**

————————————

**UNITED STATES**
Appellee

**v.**

**Jeremiah L. McKAY**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 July 2017

————————————

*Military Judge:* Tiffany M. Wagner.

*Approved sentence:* Bad-conduct discharge and confinement for 45 days. Sentence adjudged 24 February 2016 by SpCM convened at Seymour Johnson Air Force Base, North Carolina.

*For Appellant:* Captain Patrick A. Clary, USAF

*For Appellee:* Major G. Matt Osborn, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, KIEFER, and C. BROWN, *Appellate Military Judges.*

Judge KIEFER delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

KIEFER, Judge:

A special court-martial consisting of a military judge sitting alone convicted Appellant, pursuant to his pleas and a pre-trial agreement (PTA), of divers wrongful use of cocaine and divers wrongful use of marijuana, in violation of Article 112a Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge and

confinement for 45 days. The convening authority approved the sentence as adjudged. Appellant alleges that the staff judge advocate (SJA) improperly stated the maximum sentence in the staff judge advocate's recommendation (SJAR), materially prejudicing Appellant's clemency rights, and requests this court return the case for new post-trial processing.

## I. BACKGROUND

Appellant was tried and convicted on 24 February 2016. He began serving his adjudged term of confinement that same day. On 5 April 2016, the SJA completed her recommendation to the convening authority in which she stated the maximum imposable sentence was "reduction to E-1, two-thirds forfeiture of pay for 12 months, hard labor without confinement for 3 months, restriction for 2 months, a fine, a reprimand, confinement for 12 months, and a bad conduct discharge." Appellant and his counsel submitted clemency matters on 15 April 2016 and did not note any errors in the SJAR.

At the time Appellant submitted matters, he had already served his entire period of adjudged confinement. In the clemency submission, both Appellant and his counsel requested that the convening authority disapprove the adjudged bad-conduct discharge, even though they acknowledged he was not authorized to disapprove a punitive discharge.[1] Neither Appellant nor his counsel requested any other relief.

Appellant alleges that the SJAR misstated the maximum allowable sentence by suggesting that the periods of confinement, restriction, and hard labor without confinement could be approved together at their maximum levels. Appellant further argues that this error prejudiced his right to a fair post-trial review of his case. We disagree.

## II. DISCUSSION: POST-TRIAL PROCESSING

The "proper completion of post-trial processing is a question of law, which this court reviews de novo." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015). "If defense counsel does not make a timely comment on an omission [or error] in the [SJAR], the error is [forfeited] unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing Rule for Courts-Martial (R.C.M.) 1106(f); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Under a plain error analysis,

---

[1] As will be discussed further below, this was due to the applicability of Article 60, UCMJ, 10 U.S.C. § 860, as revised by the National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1702, 127 Stat. 955–58 (2013).

Appellant must persuade this court that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id*. (quoting *Kho*, 54 M.J. at 65).

## A. SJAR Errors

The SJAR shall be a concise written communication, setting forth, *inter alia*, the findings, sentence, and confinement credit to be applied; a copy or summary of the PTA; and the SJA's concise recommendation. R.C.M. 1106(d)(3). The SJAR is also "the mechanism to advise the convening authority of the maximum punishment an accused faced, thereby informing the convening authority how the adjudged sentence compared to what might have been adjudged. Accurate advice in this regard is a particularly important component of the SJAR." *United States v. Rodriguez*, No. ACM 38519, 2015 CCA LEXIS 143, at *7 (A.F. Ct. Crim. App. 14 Apr. 2015) (unpub. op.). Before taking action on a sentence, a convening authority must consider the SJAR. R.C.M. 1107(b)(3)(A)(ii).

In this case, the SJAR erroneously stated that the maximum sentence included 12 months of confinement, 3 months of hard labor without confinement, *and* 2 months of restriction. While each of these elements are part of a lawful sentence, R.C.M. 1003(b)(5)–(6) specifically limits the permissible amount of each punishment when adjudged together.[2] Additionally, although not raised by Appellant, the SJAR incorrectly stated that the maximum imposable sentence included forfeiture of two-thirds pay per month for 12 months *and* a fine. These punishments are also limited if imposed together. R.C.M. 1003(b)(3).[3] Finally, the SJAR erroneously stated the maximum imposable sentence included reduction to E-1 when Appellant was already serving as an E-1. These errors were plain and obvious. Thus, we analyze the question of prejudice.

## B. Prejudice

The standard for meeting the test of prejudice is low, requiring only "some colorable showing of possible prejudice." *Kho*, 54 M.J. at 65 (quoting *United*

---

[2] "Confinement and restriction may be adjudged in the same case, but they may not together exceed the maximum authorized period of confinement . . . ." R.C.M. 1003(b)(5). Similarly, "[c]onfinement and hard labor without confinement may be adjudged in the same case, but they may not together exceed the maximum authorized period of confinement." R.C.M. 1003(b)(6).

[3] R.C.M. 1003(b)(3) provides, in pertinent part: "[S]pecial courts-martial may not adjudge any fine or combination of fine and forfeitures in excess of the total amount of forfeitures that may be adjudged in that case."

*States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation . . . is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Scalo*, 60 M.J. at 437. While the threshold is low, there must be some colorable showing of possible prejudice. *Id.*

Appellant argues that the misstatement of the maximum punishment devalued the severity of the adjudged sentence and gave the impression that Appellant's sentence of confinement and a punitive discharge was not a severe punishment because Appellant received only two out of eight potential forms of punishment. With respect to the forms of punishment, the types of restraint noted in the SJAR were an accurate list of what was available at the special court-martial. The issue is whether the SJAR's statement of the maximum sentence prejudiced Appellant's right to a fair post-trial processing.

The adjudged sentence in this case included two elements—confinement for 45 days and a bad-conduct discharge. The National Defense Authorization Act for Fiscal Year 2014 (FY14 NDAA) substantially modified the convening authority's ability to approve findings and sentences under Article 60, UCMJ, 10 U.S.C. § 860. FY14 NDAA, Pub. L. No. 113-66, § 1702, 127 Stat. 955–58 (2013). The convening authority can no longer "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" except in certain circumstances not present here. *Id.* at 956. These changes became effective on 24 June 2014 and were applicable to Appellant since his offenses occurred after the act's effective date. *Id.* at 958.

Based on the revisions to Article 60, UCMJ, the convening authority had no ability to modify the punitive discharge and could only have granted clemency on the term of confinement. While the convening authority could have disapproved, commuted, or suspended the confinement that had already been served, we note that neither Appellant nor his counsel requested such relief during clemency. The failure to seek that relief is a factor in analyzing whether Appellant suffered any prejudice due to the error in the SJAR. *See United States v. Beltran*, No. ACM S32353, 2017 CCA LEXIS 269, at *6–8 (A.F. Ct. Crim. App. 19 Apr. 2017) (unpub. op.) (finding the failure to request clemency with respect to the period of confinement as a factor in analyzing the prejudicial effect of an error in the SJAR).

Additionally, despite the maximum sentence stated in the SJAR, the PTA limited the term of confinement to three months.[4] Thus, the 45 days already served by the time of action "was not of such unusual duration or severity that there was a reasonable likelihood that the term of confinement alone—without any argument or complaint by Appellant—'would have attracted the convening authority's attention for purposes of clemency.'" *United States v. Carnio-Navarro*, No. ACM S32340, 2017 CCA LEXIS 90, at *11–13 (A.F. Ct. Crim. App. 9 Feb. 2017) (unpub. op.) (quoting *Scalo*, 60 M.J. at 437). On the facts of this case, with a PTA cap of three months and an adjudged sentence of 45 days, we find it implausible the error in the SJAR concerning the maximum sentence impacted the convening authority's decision regarding clemency. Accordingly, Appellant has failed to demonstrate a colorable showing of possible prejudice.

## III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[4] The PTA limited the term of confinement to three months if a bad-conduct discharged was adjudged and four months if no bad-conduct discharge was adjudged.