# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39112**

————————————

## UNITED STATES
*Appellee*

v.

## Mary M. HARRINGTON
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 6 December 2017

————————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 75 days, and reduction to E-1. Sentence adjudged 20 May 2016 by GCM convened at Tinker Air Force Base, Oklahoma.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Lieutenant Colonel G. Matt Osborn, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Judge HUYGEN delivered the opinion of the court, in which Senior Judge HARDING and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HUYGEN, Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with her plea and a pretrial agreement (PTA), of one specification of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885. The military judge sentenced Appellant to a bad-conduct dis-

charge, confinement for 94 days, and reduction to the grade of E-1. The convening authority approved the bad-conduct discharge and reduction to the grade of E-1 but approved only so much of the sentence as provided for confinement for 75 days pursuant to the PTA.

Appellant raises on appeal the single issue of whether Appellant is entitled to new post-trial processing due to errors in the staff judge advocate's recommendation (SJAR). We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant entered active duty on 10 December 1979, a fact stipulated by the parties at trial. On 27 May 1983, she failed to report to her appointed place of duty at Randolph Air Force Base, Texas, and was placed in "Absent Without Leave" duty status. On 27 June 1983, her status was changed to "Deserter." On 5 June 1984, police in Great Falls, Montana, apprehended her, and she was returned to military control at Malmstrom Air Force Base, Montana. She entered pretrial confinement and remained there until 28 June 1984, when she was released and ordered restricted to base. Although a charge was preferred and referred and an additional charge preferred, Appellant was never tried for the desertion that began on 27 May 1983 at Randolph Air Force Base, Texas, and ended on 5 June 1984 at Malmstrom Air Force Base. On 23 July 1984, Appellant failed to report to her place of duty at Malmstrom Air Force Base and was placed in "Desertion" status on 24 July 1984.

In August 2015, some 31 years later, the Air Force Office of Special Investigations (AFOSI) "Cold Case Unit" received information related to Appellant's case. In February 2016, the AFOSI detachment at Tinker Air Force Base, Oklahoma, began an investigation. On 11 March 2016, AFOSI agents surveilled locations in Tulsa and coordinated with the Oklahoma Highway Patrol (OHP). An OHP officer conducted a traffic stop of a vehicle in which Appellant was traveling, apprehended her, and transferred custody of her to AFOSI agents. The AFOSI agents transported her to Tinker Air Force Base, where she entered pretrial confinement.

A charge for the desertion that began on 23 July 1984 at Malmstrom Air Force Base was preferred on 25 March 2016 and referred for trial by general court-martial on 9 May 2016. Appellant entered into a PTA with the convening authority whereby Appellant agreed, *inter alia*, to plead guilty as charged in exchange for the convening authority agreeing to approve no confinement in excess of 75 days.

At trial on 20 May 2016, the Prosecution offered as Prosecution Exhibit 2 a Personal Data Sheet (PDS) dated 20 May 2016. When asked, the Defense had no objection, and the military judge admitted it. The military judge found Ap-

pellant guilty of desertion in accordance with her plea. The military judge credited Appellant for 94 days of pretrial confinement: 70 days for the pretrial confinement that followed the 1984–2016 desertion and 24 days for the pretrial confinement that followed the 1983–1984 desertion.

The SJAR accurately stated the convening authority's clemency power under Article 60, UCMJ, 10 U.S.C. § 860, including his authority to disapprove, commute, or suspend the adjudged sentence in whole or in part. Attached to the SJAR was a PDS dated 25 March 2016. The SJA recommended the convening authority approve the confinement for 75 days pursuant to the PTA, bad-conduct discharge, and reduction to E-1.

The Defense submitted a petition for clemency, which discussed the bad-conduct discharge but not the confinement or reduction in grade. In a memorandum dated 1 July 2016, trial defense counsel stated the convening authority did not have the authority to disapprove the bad-conduct discharge because of "changes in Article 60, UCMJ." On 11 July 2016, after being alerted to issues with the memorandum, trial defense counsel submitted an updated memorandum, which was also dated 1 July 2016. In the updated memorandum, trial defense counsel requested that the convening authority grant Appellant's clemency request by "not approving the bad conduct discharge." The clemency submission made no comment on, did not object to, and did not allege any legal error regarding the SJAR or any SJAR attachment, including the PDS dated 25 March 2016.

The addendum to the SJAR, dated 12 July 2016, stated that the convening authority must consider Appellant's clemency submission; reiterated that the convening authority could "disapprove, commute, or suspend the sentence, in whole or in part;" and again recommended approval of the bad-conduct discharge, confinement for 75 days, and reduction to E-1. On 18 July 2016, the convening authority signed the action approving "only so much of the sentence as provides for a bad conduct discharge, confinement for 75 days, and reduction to the grade of Airman Basic" and acknowledged having "received, reviewed and considered the aforementioned attachments," which included Appellant's clemency submission. On 29 July 2016, the convening authority signed another action, withdrawing the previous action but still approving the 75-day confinement, reduction to the grade of E-1, and bad-conduct discharge.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). We conduct a three-step analysis for plain error,

addressing whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible prejudice . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437.

Appellant asserts error in several respects but all related to the SJAR. Specifically, Appellant asserts that the PDS attached to the SJAR was not the PDS admitted at trial and differed on Basic Pay and Initial Date of Current Service; that the PDS attached to the SJAR was wrong on Total Active Federal Military Service Date (TAFMSD), Length of Service, and Nature of Pretrial Restraint; that the SJAR mischaracterized Appellant's service prior to the charge; and that the addendum to the SJAR failed to address trial defense counsel's misstatement of the convening authority's clemency power. The Defense failed to comment on the following: the PDS at trial, the SJAR, the PDS attached to the SJAR, and the addendum to the SJAR. Because of Defense's forfeiture, we analyze for plain error. While we agree with Appellant that there were multiple errors related to the SJAR and that some of those errors were plain or obvious, we find that Appellant has not met her burden to make some colorable showing of possible prejudice attributable to those errors.

## A. No Error: Characterization of Service and Addendum

We find no error regarding the SJAR's characterization of Appellant's service prior to the charge. Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, (6 Jun. 2013), requires the SJAR to include a description of the character of the accused's service prior to the charges, although R.C.M. 1106(d)(3) does not. AFI 51-201 Air Force Guidance Memorandum 2015-01, ¶ 9.16.3 (30 Jul. 2015). In Appellant's case, the SJAR stated that, according to Appellant's commander, her service prior to the charge was "unsatisfactory." Contrary to Appellant's assertions on appeal, the SJAR's characterization of service is not limited to select words in performance reports and court-martial convictions. The SJA satisfied the SJAR requirement when he chose to describe Appellant's service by reference to her commander's characterization. In turn, that characterization took into account the entirety of Appellant's service prior to the charge, including nonjudicial punishment, her first period of desertion, and other documented misconduct. Thus, there was no error regarding the SJAR's characterization of Appellant's service prior to the charge.

Even if the SJAR's characterization constituted plain or obvious error, Appellant failed to make a colorable showing of possible prejudice. Appellant pleaded and was found guilty of deserting for more than 30 years, a charge

carrying a maximum punishment of dishonorable discharge, three years of confinement, total forfeiture of pay and allowances, and reduction to the grade of E-1. The adjudged sentence was a bad-conduct discharge, 94 days of confinement, and reduction to E-1. Appellant was credited with 94 days of confinement, and the convening authority could approve no more than 75 days of confinement pursuant to the PTA. Appellant's request for clemency focused on the bad-conduct discharge.[1] In this context, the SJAR's characterization of Appellant's service prior to the charge as "unsatisfactory," even if a mischaracterization, did not suffice for a colorable showing of possible prejudice.

We also find no error regarding the addendum. In Appellant's case, both the SJAR and the addendum correctly stated the convening authority's options for action under the relevant provisions of Article 60, UCMJ (as well as pursuant to the PTA). Because Appellant was convicted of an offense with a charged time period before and after 24 June 2014, the convening authority could approve or disapprove the finding of guilt and approve, disapprove, commute, or suspend the sentence in whole or in part (other than approving no more than 75 days of confinement pursuant to the PTA). Pub. L. No. 113-291, 128 Stat. 3292, 3365 (2014); R.C.M. 1107. Had trial defense counsel's misstatement that the convening authority could not disapprove the bad-conduct discharge been left uncorrected, the addendum would have had to address it. If the addendum did not do so, we would consider remanding the case for new post-trial processing in accordance with the decision of the Court of Appeals for the Armed Forces in *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016). Instead, trial defense counsel was alerted to the misstatement and submitted a corrected memorandum, which requested disapproval of the bad-conduct discharge and was duly considered by the convening authority.[2] The SJAR and addendum also made clear that the convening authority could disapprove the bad-conduct discharge. Thus, there was no error regarding the addendum.

---

[1] Appellant's clemency submission made one reference without elaboration to receiving "back pay for her time in confinement." The Defense Finance and Accounting Services is responsible for the final accounting of pay after a court-martial conviction and performs this duty upon receipt of the final court-martial order. The payment of "back pay" is not subject to the clemency power of the convening authority and is not within the purview of this court.

[2] The addendum included in the record purported to have attached the clemency submission, including an "ADC email, dated 11 July 2016." The email, which explained the misstatement and subsequent correction by trial defense counsel, was not actually in the record. This opinion was delayed while the court issued an order that prompted the Government to produce the email. Both memoranda and the email were provided to and considered by the convening authority.

**B. Error: Basic Pay, Length of Service, and Nature of Pretrial Restraint**

We find error but not plain or obvious error regarding the Basic Pay, Length of Service, and Nature of Pretrial Restraint listed on the PDS attached to the SJAR. On that PDS, Basic Pay was listed as $2,483.40. The 2016 Military Pay Chart lists basic pay for an E-4 with over six years of service as $2,483.40. Assuming Appellant entered active duty on 10 December 1979, as stipulated by both parties at trial,[3] she deserted on 23 July 1984 before completing six years of service, even if one credits her first period of desertion as service time. Thus, the Basic Pay listed on the PDS attached to the SJAR was likely wrong but not obviously so, unlike the Basic Pay of $0.00 listed on the PDS admitted at trial, which was patently incorrect. Even if the Basic Pay listed on the PDS attached to the SJAR constituted plain or obvious error, Appellant failed to make a colorable showing of possible prejudice.

The PDS attached to the SJAR listed Length of Service as "52 months at time of desertion" (as did the PDS admitted at trial). Assuming Appellant entered active duty on 10 December 1979, Appellant calculated Length of Service as 55 months at the time of desertion or 57 months at the time of trial. In fact, Length of Service should have been listed as 46 months at the time of the charged desertion because of Appellant's first period of desertion. Thus, the Length of Service listed on the PDS was wrong but not obviously so. Even if the Length of Service listed on the PDS constituted plain or obvious error, Appellant failed to make a colorable showing of possible prejudice. Moreover, the PDS's failure to list Length of Service in accordance with AFI 51-201 likely operated to Appellant's benefit. AFI 51-201 stipulates that Length of Service on the PDS is to list in years and months and exclude and identify lost time, including periods of desertion but not including pretrial confinement. AFI 51-201, Fig. 3.7. Instead of the 52 months listed on the PDS or the 55 or 57 months calculated by Appellant, Length of Service for 46 months should have been listed on the PDS as "3 years, 10 months Lost time: 33 years, 1 month," which would have made apparent the lengthy duration of Appellant's desertion.

The PDS attached to the SJAR listed Nature of Pretrial Restraint as "Pretrial confinement, civil confinement facility, 11 March 2016 - Present" (as did the PDS admitted at trial). In and of itself as a statement of fact, this was not wrong. However, AFI 51-201 instructs that the PDS should include the type of restraint, date imposed, location, and number of days. AFI 51-201, Fig. 3.7. The PDS could have been more specific as to the location of confinement and should have specified 70 days, which was the number of days of Appellant's pretrial confinement as of the date of trial. These omissions constituted error

---

[3] 10 December 1979 is likely incorrect, as Appellant's earliest Airman Performance Report covered the period 16 January to 16 December 1979.

but not plain or obvious error, as the Nature of Pretrial Restraint was correct on its face, albeit not compliant with AFI 51-201. Despite Appellant's assertion, it was not error for the PDS to omit Appellant's 1984 pretrial confinement related to her 1983–1984 desertion. Appellant was not charged with or tried for that earlier desertion in the 2016 trial. When the parties and military judge discussed the 1984 pretrial confinement during the 2016 trial, it was apparent that there was no known guidance on how to deal with it. Nevertheless, the military judge decided to credit Appellant for the 24 days of pretrial confinement in 1984 "as a matter of equity." Finally, the Report of Result of Trial, which was attached to the SJAR, specifically indicated "94 days of confinement credit based upon 94 days of credit for military pretrial confinement." Even if the Nature of Pretrial Restraint listed on the PDS constituted plain or obvious error, Appellant failed to make a colorable showing of possible prejudice.

## C. Plain or Obvious Error: PDS, Initial Date of Current Service, and TAFMSD

We find plain or obvious error but no colorable showing of possible prejudice regarding the PDS attached to the SJAR not being the PDS admitted at trial and the Initial Date of Current Service and TAFMSD listed on the PDS attached to the SJAR. The Government concedes that the PDS attached to the SJAR is not the PDS admitted at trial and that the two differ. The PDS attached to the SJAR is dated 25 March 2016 and appears to be the PDS prepared for preferral, which occurred on 25 March 2016. It differs from the PDS admitted at trial and dated 20 May 2016 with regard to Basic Pay and Initial Date of Current Service.[4] AFI 51-201 requires that the PDS admitted at trial be attached to the SJAR. AFI 51-201, ¶ 9.16 (6 Jun. 2013). The PDS attached to the SJAR listed Basic Pay of $2,483.40; the PDS admitted at trial listed Basic Pay of $0.00.[5] The PDS attached to the SJAR listed an Initial Date of Current Service of 19 January 1985, which was effectively impossible as the date fell almost six months after Appellant's second desertion. The PDS admitted at trial listed 1 November 1982, which was possible but not verifiable, as the record does not contain any document that confirms the start date of the enlistment Appellant was serving when she deserted on 23 July 1984. Thus, we can determine only that the Initial Date of Current Service differed between the two PDSes and was wrong on the PDS attached to the SJAR. While it was

---

[4] The Charge Sheet originally listed Basic Pay and Initial Date of Current Service as they were listed on the PDS dated 25 March 2016. Before trial, pen-and-ink changes revised both to appear as they were listed on the PDS dated 20 May 2016.

[5] While Basic Pay of $2,483.40 may not have been wholly accurate, as discussed above, Basic Pay of $0.00 was patently wrong. Once returned to military control and even while in pretrial confinement, Appellant was accruing service time and entitled to pay.

plain or obvious error to attach to the SJAR a different PDS than the one admitted at trial, Appellant failed to make a colorable showing of possible prejudice regarding the differences between the two PDS, specifically, Basic Pay and Initial Date of Current Service.

Similarly, we find plain or obvious error with regard to the TAFMSD of 18 January 1980 listed on the PDS. As stipulated by the parties at trial, Appellant entered active duty on 10 December 1979. Although the stipulation rendered the TAFMSD of 18 January 1980 obviously wrong, Appellant did not make a colorable showing of possible prejudice resulting from the error.

In summary, where we find plain or obvious error regarding the PDS attached to the SJAR, we find no colorable showing of possible prejudice to Appellant's substantial right for clemency consideration. With regard to the SJAR and addendum, we find no error. Even if we were to find plain or obvious error with the items raised by Appellant, she failed to make a colorable showing of possible prejudice. Still, we find it appropriate to reiterate the frustration expressed by the court in an earlier case:

> In another case, this kind of simple error could have resulted in, at a minimum, the need to remand the case for a new post-trial action and significant time and effort by very busy individuals. The Air Force's scarce resources should not be wasted due to legal professionals' failure to apply sufficient attention to detail and exercise due diligence in processing post-trial matters.

*United States v. Myers*, No. ACM 39234, 2017 CCA LEXIS 597, at \*12 (A.F. Ct. Crim. App. 30 Aug. 2017) (unpub. op.).

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court