# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32494**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Eric D. HURTADO**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 August 2018

————————————

*Military Judge:* L. Martin Powell (arraignment); Ryan A. Hendricks.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, forfeiture of $1,066.00 pay per month for 12 months, and reduction to E-1. Sentence adjudged 19 September 2017 by SpCM convened at Dover Air Force Base, Delaware.

*For Appellant:* Major Meghan Glines-Barney, USAF; Major Rebecca J. Otey, USAF.

*For Appellee:* Major Thomas C. Franzinger, USAF; Mary Ellen Payne, Esquire.

Before HARDING, HUYGEN, and POSCH, *Appellate Military Judges*.

Judge HUYGEN delivered the opinion of the court, in which Senior Judge HARDING and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HUYGEN, Judge:

Appellant, in accordance with a pretrial agreement, pleaded guilty at a special court-martial to two specifications of willful dereliction of duty for

wrongfully establishing personal relationships with female junior Airmen in a training status and four specifications of service-discrediting conduct for using an electronic communication device to impersonate a teenaged female for the purpose of soliciting from four girls pictures of their bodies, in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 934. A military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, forfeiture of $1,066.00 pay per month for 12 months, and reduction to the grade of E-1. The convening authority approved only 30 days of confinement pursuant to the pretrial agreement but otherwise approved the sentence as adjudged.

Appellant submitted his case on its merits with no specific assignment of error. The court found errors in the staff judge advocate's recommendation (SJAR) and ordered the Government to show cause why the court should not remand the case for new post-trial processing. The Government does not oppose new post-trial processing, which we now order.

## I. BACKGROUND

The SJAR is replete with mistakes, which are both administrative and substantive and include three misstatements of the convening authority's power to affect the adjudged findings and sentence pursuant to Article 60, UCMJ, 10 U.S.C. § 860. The misstatements all stem from the sole specification with a charged timeframe that began before 24 June 2014, implicating the version of Article 60, UCMJ, in effect before that date. Contrary to what the SJA advised in the SJAR, the convening authority had the power to (1) dismiss by setting aside the finding of guilty of Specification 8 (later identified as Specification 2) of Charge I or change the finding of guilty to a lesser included offense; (2) disapprove or suspend the bad-conduct discharge; and (3) disapprove, commute, or suspend, in whole or in part, the 30 days of confinement as well as the forfeiture of pay and reduction in rank. In addition, the report of result of trial attached to the SJAR (and the corresponding court-martial order issued after action) failed to account for all of the specifications on which Appellant was arraigned on 10 July 2017.

The trial defense counsel's clemency submission implicitly relied on the SJAR and requested that the convening authority "exercise the discretion vested in [him] as Convening Authority to grant clemency as [he] deem[s] appropriate." The submission also misstated the convening authority's power to affect the adjudged and mandatory forfeiture of pay under Articles 57(a) and 58b, UCMJ, 10 U.S.C. §§ 857(a), 858b. The significance of the SJA's and defense counsel's errors was magnified by Appellant's sole request for clemency from the convening authority: "[a]ny relief you are able to provide from the forfeitures imposed."

Not only did the addendum to the SJAR fail to correct the errors in the SJAR and defense counsel's clemency submission, but it added one more by recommending that the convening authority "approve the findings and sentence as adjudged." Had the convening authority done so, he would have failed to act in accordance with the pretrial agreement.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible prejudice . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437.

If defense counsel misstates the law in a clemency submission, the SJA should give the defense the opportunity to correct the error or must correct it in the SJAR addendum. *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.); *United States v. Zegarrundo*, 77 M.J. 612 (A.F. Ct. Crim. App. 2018); *see, e.g.*, *United States v. Olson*, No. ACM 39093, 2017 CCA LEXIS 791 (A.F. Ct. Crim. App. 22 Dec. 2017) (unpub. op.); *United States v. Harrington*, No. ACM 39112, 2017 CCA LEXIS 748 (A.F. Ct. Crim. App. 6 Dec. 2017) (unpub. op.).

> [A]n addendum's correction of an error in the clemency submission would likely constitute a new matter and prompt notice and opportunity for the Defense to respond. R.C.M. 1106(f)(7). The problem is avoided altogether when trial defense counsel does not make an incorrect statement of the law concerning the convening authority's clemency options. A correct statement of the law in a clemency submission also evidences trial defense counsel's understanding of Article 60, UCMJ, and thus competency to advise clients during post-trial processing.

*Zegarrundo*, 77 M.J. at 614 (citing *United States v. Moore*, No. ACM S32423, 2017 CCA LEXIS 763, at *11 (A.F. Ct. Crim. App. 19 Dec. 2017) (unpub. op.)).

In yet another case, a lack of care and diligence has resulted in errors in the post-trial processing of an Airman's court-martial. Because of the errors in the SJAR and addendum, we are returning Appellant's case for new post-trial processing. *United States v. Aiken*, No. ACM 39288, 2018 CCA LEXIS 366 (A.F. Ct. Crim. App. 20 Jul. 2018) (unpub. op.). Because of the error in the clemency submission, we are directing conflict-free trial defense counsel.

### III. CONCLUSION

The action of the convening authority is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing and conflict-free trial defense counsel consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court