# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32423 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Sonia E. MOORE**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon further review*

Decided 4 March 2019

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Bad-conduct discharge, confinement for 60 days, and reduction to E-1. Sentence adjudged 23 May 2016 by SpCM convened at Pope Army Airfield, North Carolina.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF.

*For Appellee:* Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, HUYGEN, and POSCH, *Appellate Military Judges*.

Senior Judge HUYGEN delivered the opinion of the court, in which Chief Judge MAYBERRY and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HUYGEN, Senior Judge:

We have this case for further review after returning the record of trial to The Judge Advocate General for remand to the convening authority for new post-trial processing. *See United States v. Moore*, No. ACM S32423, 2017 CCA LEXIS 763, at *12 (A.F. Ct. Crim. App. 19 Dec. 2017) (unpub. op.). New post-trial processing has been accomplished. Appellant now asserts the convening authority failed to comply with the court's remand, and therefore she is entitled to meaningful sentence relief. We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

Appellant and the convening authority entered into a pretrial agreement (PTA) in which Appellant agreed, *inter alia*, to plead guilty to charges and specifications concerning Articles 107 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 912a. In exchange, the convening authority agreed, *inter alia*, to approve no confinement in excess of 60 days if a bad-conduct discharge was adjudged. At trial, the military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1.

During the original post-trial processing of Appellant's case, the staff judge advocate signed a recommendation (SJAR) that advised, "In accordance with the pretrial agreement, I recommend you only approve so much of the sentence as calls for 60 days confinement, reduction to E-1, and a bad conduct discharge." Conversely, the addendum to the SJAR advised, "I recommend that you approve the findings and sentence as adjudged . . . ." The convening authority's action stated, in relevant part, "the sentence is approved and, except for the bad conduct discharge, will be executed. The term of confinement having been served, no place of confinement is designated."

When Appellant's case underwent new post-trial processing, the resulting action approved "only so much of the sentence as provides for 60 days confinement, reduction to the grade of E-1, and a bad conduct discharge."

## II. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citations omitted). Analyzing for plain error,

we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65) (additional citation omitted).

When we initially reviewed Appellant's case, we found several errors in post-trial processing, including the two-fold failure of the SJAR addendum (1) to account for the terms of the PTA, specifically, the 60-day cap on confinement, and (2) to correct the incorrect statement in Appellant's clemency submission that the convening authority "could only reduce the reduction in rank" when he could also affect the adjudged four months of confinement, even beyond honoring the 60-day cap of the PTA. *Moore*, unpub. op. at *9–11. We also noted other errors in the SJAR, action, and court-martial order. *Id.* at *11–12. Having now reviewed the new post-trial processing of Appellant's case, we find no prejudicial error.

With the case returned for our further review, Appellant asserts that the convening authority failed to comply with the court's remand because, even after new post-trial processing, the record still "contains no document that proves Appellant received the benefit of the PTA and was released from confinement no later than 60 days after entering." We find there is no failure of compliance because the action was corrected and therefore no such document was necessary.* New post-trial processing resulted in a new action that withdrew the original action and substituted for it a correct action that approved "only so much of the sentence as provides for 60 days confinement, reduction to the grade of E-1, and a bad conduct discharge."

The issue concerning Appellant's clemency submission that we identified in our earlier opinion was nullified by the absence of a clemency submission when her case was processed anew. However, we are compelled to note the absence of a written waiver of her right to submit clemency matters, *see* Article 60(b)(4), UCMJ, 10 U.S.C. § 860(b)(4) (2016); R.C.M. 1105(d)(3), and the apparent lack of trial defense counsel to advise Appellant during post-trial processing despite our remand directing "new post-trial processing and conflict-free trial defense counsel." *See Moore*, unpub. op. at *12. It is not clear why the legal office responsible for post-trial processing contacted several entities but not the offices that detail trial defense counsel. However, we recognize the multiple efforts made by the legal office over an extended period of time to contact Appellant, her previously detailed defense counsel, her origi-

---

* The new, corrected action made unnecessary a document proving Appellant's timely release from confinement. However, Appellee provided one, and the court granted the motion to attach it to the record.

nal appellate defense counsel, and the current area defense counsel at Pope Army Airfield about post-trial processing. Without resolving the issue of defense counsel, the legal office substantially complied with R.C.M. 1106(f)(1), served on Appellant a copy of the SJAR, dated 5 March 2018, and received confirmation of delivery on 7 March 2018. Appellant was given significantly more time than the 10 days provided by R.C.M. 1105(c)(1), and, on 12 October 2018, the staff judge advocate continued post-trial processing with an SJAR addendum that indicated Appellant could have but "did not submit clemency matters." *See* R.C.M. 1105(d)(1) ("Failure to submit matters within the time prescribed by this rule shall be deemed a waiver of the right to submit such matters."). While we reviewed this issue of an apparent lack of trial defense counsel for post-trial processing, it was not raised by the appellate defense counsel representing Appellant in the case now before us. Assuming without deciding that the issue involved error, we discern no resulting prejudice to Appellant.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court