# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39508**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Matthew A. NEWMAN**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 December 2019

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Dishonorable discharge, confinement for 2 years, and reduction to E-1. Sentence adjudged 8 May 2018 by GCM convened at Dover Air Force Base, Delaware.

*For Appellant:* Captain David A. Schiavone, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Judge POSCH delivered the opinion of the court, in which Senior Judge J. JOHNSON and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

POSCH, Judge:

In accordance with Appellant's pleas of guilty pursuant to a pretrial agreement (PTA), a general court-martial composed of a military judge found Appellant guilty of one specification of wrongfully possessing child pornography and one specification of wrongfully viewing child pornography, both in violation of

Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1,2] The military judge sentenced Appellant to a dishonorable discharge, confinement for two years, and reduction to the grade of E-1. The convening authority approved the adjudged sentence, which did not exceed the limitations in the PTA.

Appellant raises one error: whether new post-trial processing is required because the staff judge advocate (SJA) incorrectly advised the convening authority (CA) that the maximum sentence to confinement was twice the maximum confinement authorized for Appellant's offenses. We find no prejudicial error and affirm.

## I. BACKGROUND

Following Appellant's conviction and sentence, the SJA provided her recommendation to the CA. However, the SJA's recommendation (SJAR) incorrectly advised the CA on the maximum sentence for the two offenses of which Appellant was convicted, asserting it was 40 years, and not 20.

In Appellant's clemency request, his trial defense counsel did not object to the incorrect statement of the maximum punishment in the SJAR or raise any legal error. The trial defense counsel advocated to reduce Appellant's term of confinement from two years to one at the same time conceding that the CA lacked authority to provide confinement relief. On behalf of Appellant, trial defense counsel asked the CA to approve a sentence after considering "all of the evidence presented at trial . . . to include testimony of a friend, mentor, and [Appellant's] mother." The SJA's Addendum to the SJAR stated the "defense [does] not allege any legal error," and her "earlier recommendation remains unchanged."

The CA followed the SJA's recommendation and approved the sentence as adjudged.

## II. DISCUSSION

### A. Law

"The standard of review for determining whether post-trial processing was properly completed is de novo." *United States v. Sheffield*, 60 M.J. 591, 593

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant pleaded not guilty to a specification alleging wrongful distribution of child pornography, also in violation of Article 134, UCMJ, which the convening authority withdrew and dismissed upon announcement of the sentence in accordance with the terms of the pretrial agreement.

(A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). Failure to comment in a timely manner on matters in or attached to the SJAR forfeits a later claim of error; we analyze such forfeited claims for plain error. *Id.* (citations omitted). "To prevail under a plain error analysis, Appellant must persuade this Court that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65) (additional citation omitted). "To meet this burden in the context of a [SJAR] error, whether that error is preserved or is otherwise considered under the plain error doctrine, an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65).

**B. Analysis**

The parties agree that the SJA incorrectly advised the CA that the maximum sentence included a term of confinement for 40 years and that this advice was error. In fact, the maximum term of confinement was 20 years. *See Manual for Courts-Martial, United States* (2016 ed.) (*MCM*), pt. IV, ¶ 68b.e.(1).[3] There is no doubt Appellant forfeited a claim of error in the post-trial processing of his case when he failed to comment on the error; thus, we review for plain error. *See Sheffield*, 60 M.J. at 593 (citations omitted).

Error certainly occurred in this case and it was plain and obvious as the Government concedes. The issue is whether a substantial right of Appellant was prejudiced. *See Scalo*, 60 M.J. at 436 (citations omitted). Citing this court's unpublished opinion in *United States v. Rodriguez*, No. ACM 38519, 2015 CCA LEXIS 143, at *6–7 (A.F. Ct. Crim. App. 14 Apr. 2015) (unpub. op.), Appellant prevails upon this court to be mindful that "[t]he SJAR is the mechanism to advise the convening authority of the maximum punishment an accused faced, thereby informing the convening authority how the adjudged sentence compared to what might have been adjudged. Accurate advice in this regard is a particularly important component of the SJAR." *Id.* at *7.

Our observation in *Rodriguez* remains unchanged, but we nevertheless conclude Appellant was not prejudiced here. The National Defense Authorization Act for Fiscal Year 2014 modified Article 60, UCMJ, 10 U.S.C. § 860, and changed the CA's ability to affect sentences of confinement for more than six

---

[3] The 40-year maximum term of confinement would have been correct had Appellant also been found guilty of the specification alleging wrongful distribution of child pornography, which the CA withdrew and dismissed in accordance with the PTA. *See MCM*, pt. IV, ¶ 68b.e.(3) (20-year maximum for distributing child pornography). We note that the SJA who advised the CA in the SJAR also advised the CA to accept the PTA.

months or a sentence of dismissal, dishonorable discharge, or bad-conduct discharge adjudged for offenses committed on or after the effective date of the change, 24 June 2014. Pub. L. No. 113–66, § 1702, 127 Stat. 672, 954–58 (2013); *see* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A). Appellant was convicted of offenses committed after 24 June 2014, thus the CA had no power to disapprove, commute, or suspend in whole or in part the confinement or punitive discharge. Unlike the CA in *Rodriguez*, the CA's clemency power under Article 60, UCMJ, was limited to Appellant's reduction in grade. Yet, Appellant never asked the CA in his clemency to disapprove, commute, or suspend in whole or in part the reduction in grade. Instead, Appellant requested confinement relief at the same time noting that it was beyond the CA's authority to grant.

In one significant respect, Appellant's case is similar to that of the appellant in *Scalo*. In *Scalo*, the SJAR erroneously reported that the appellant had not been subject to any pretrial restraint. 60 M.J. at 436. In fact, the appellant had been restricted to the limits of Fort Stewart, Georgia, for 44 days. *Id.* The appellant did not comment on this omission until appeal, when he argued that a properly informed CA "could have noticed that Appellant served his pretrial restraint without disciplinary problems," which could have increased the odds that the CA would grant clemency. *Id.* at 437. The United States Court of Appeals for the Armed Forces (CAAF) concluded that because the appellant "did not directly or indirectly refer to the pretrial restraint or suggest that the convening authority should take it into account in considering clemency," the appellant did not "reveal any connection between the time he spent in pretrial restraint and his clemency request." *Id.* The CAAF concluded that the appellant failed to make a colorable showing of possible prejudice from the SJA's misstatement of fact. *Id.* Much like the appellant in *Scalo*, Appellant has failed to link the erroneous information in the SJAR and his clemency request. Thus, Appellant, like the appellant in *Scalo*, has not shown prejudice.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and the sentence are **AFFIRMED**.[4]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] Appellant identifies an error in the court-martial order (CMO) in that Specification 3 of the Charge incorrectly identifies that Appellant pleaded guilty and was found guilty of knowingly and wrongfully viewing "digital images and videos of a minor." In fact, as charged, pleaded, and found guilty, this specification reads "videos of a minor" only. We direct the publication of a corrected CMO to remedy this error.