# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32561**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Emmanuel J. CALDWELL**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 December 2019

————————————

*Military Judge:* Thomas J. Alford.

*Approved sentence:* Bad-conduct discharge, confinement for 21 days, reduction to E-1, and a reprimand. Sentence adjudged 6 November 2018 by SpCM convened at Ellsworth Air Force Base, South Dakota.

*For Appellant:* Captain M. Dedra Campbell, USAF; Joseph Grossman (legal intern).[1]

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Thomas C. Franzinger, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

Judge D. JOHNSON delivered the opinion of the court, in which Senior Judge MINK and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

[1] Mr. Grossman was at all times supervised by an attorney admitted to practice before this court.

D. JOHNSON, Judge:

A special court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and a pretrial agreement (PTA), of one specification of drunken operation of a vehicle and three specifications of wrongful use of a controlled substance (marijuana and cocaine),[2] in violation of Articles 111 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 911, 912a.[3] The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 21 days, reduction to the grade of E-1, and a reprimand. The PTA had no impact on the convening authority's ability to approve the adjudged sentence.[4] Appellant requested deferment of the adjudged reduction in grade until action, which was denied by the convening authority.[5]

On appeal, the sole issue raised by Appellant is whether he is entitled to new post-trial processing because the staff judge advocate's recommendation (SJAR) failed to correctly advise the convening authority of the maximum imposable sentence and his ability to disapprove the adjudged reprimand. Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Following a verbal altercation with his girlfriend, Appellant left his residence in Rapid City, South Dakota in his vehicle. Appellant was stopped by officers from the Rapid City police department and subsequently arrested for driving under the influence after admitting he was too intoxicated to drive. Approximately one week later, Appellant became "sad" after his girlfriend

---

[2] Appellant was convicted of two specifications of wrongful use of cocaine.

[3] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[4] The PTA between Appellant and the convening authority provided the latter would approve no confinement in excess of five months, but included no other limitations on the sentence he could approve.

[5] We note that the convening authority's memorandum denying Appellant's request for deferment of the reduction in rank until action failed to articulate the reasons for the denial as required by R.C.M. 1101(c)(3). *See United States v. Jalos*, No. ACM 39138, 2017 CCA LEXIS 607, at *5–6 (A.F. Ct. Crim. App. 5 Sep. 2017) (unpub. op.) (citations omitted). However, our review of the record of trial reveals no colorable showing of possible prejudice as a result of the convening authority's error, *see id.* at *6–7, and we conclude that no relief is warranted.

stated she might move and take their two children with her. To compose himself, Appellant decided to go for a walk and contacted an acquaintance to get "bud and coke" because "[he] needed to feel." Appellant smoked marijuana and inhaled four or five lines of cocaine the next morning. Coincidentally, Appellant's squadron commander had ordered a unit urinalysis inspection that day. After testing positive on the urinalysis, Appellant admitted to investigators from security forces that he used cocaine and marijuana. A week and a half later, Appellant tested positive a second time for the primary metabolite of cocaine after inhaling the remaining cocaine from his prior purchase.

Following Appellant's trial, and after he was released from confinement, the staff judge advocate (SJA) prepared the SJAR to guide the convening authority's action on the results of the court-martial. The SJAR provided, *inter alia*, the following advice:

> The maximum imposable sentence for the offenses of wrongful use of controlled substances and drunken operation of a vehicle [for] which the accused was convicted is a bad conduct discharge, confinement for one year, reduction to E-1, *total forfeitures, and a fine*.
>
> . . . You do have the authority to disapprove, commute, or suspend in whole or in part the confinement and/or reduction in rank.

(Emphasis added). The SJAR concluded with a recommendation that the convening authority "approve the reprimand, reduction to the grade of E-1, confinement for 21 days, and bad conduct discharge, as adjudged."

In accordance with Rule for Courts-Martial (R.C.M.) 1106(f)(1), trial defense counsel was served with a copy of the SJAR prior to submitting matters on behalf of Appellant for the convening authority's consideration pursuant to R.C.M. 1105. Trial defense counsel did not object to any portion of the SJAR. Trial defense counsel's memorandum requested that the convening authority disapprove the reduction to E-1.[6]

The SJA subsequently prepared an addendum to the SJAR that advised, *inter alia*, that the convening authority must consider the matters submitted by the Defense and again recommended approval of the sentence as adjudged. The convening authority approved the adjudged sentence. Appellant now contends the SJAR was erroneous in two respects: first, it misstated the maximum

---

[6] Trial defense counsel misstated the Appellant's sentence by omitting the adjudged reprimand.

punishment by including "*total forfeitures and a fine*," and second, it failed to correctly advise the convening authority regarding his authority to disapprove the adjudged reprimand. Appellant further argues that the errors were prejudicial because the advice concerning the maximum punishment misrepresented the maximum punishment by a "wide margin" and had the convening authority been correctly advised he may have granted Appellant's request to disapprove the rank reduction. We are not persuaded.

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). "Failure to timely comment on matters in the SJAR, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). To prevail under a plain error analysis, an appellant must show: "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Scalo*, 60 M.J. at 436).

To meet the third prong of the plain error test "in the context of a post-trial recommendation error, whether that error is preserved or is otherwise considered under the plain error doctrine, an appellant must make 'some colorable showing of possible prejudice.'" *Scalo*, 60 M.J. at 436–37 (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation . . . is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Id.* at 437 (citation omitted). While the threshold is low, "there must be some colorable showing of possible prejudice." *Id.* (citing *Kho*, 54 M.J. at 65). Whether an appellant was prejudiced by a mistake in the SJAR generally requires consideration of "whether the convening authority 'plausibly may have taken action more favorable to' the appellant had he or she been provided accurate or more complete information." *United States v. Kyc,* No. ACM S32391, 2017 CCA LEXIS 376, at *6 (A.F. Ct. Crim. App. 30 May 3017) (unpub op.) (citing *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988)) (additional citation omitted).

Because Appellant did not object to the SJAR, we test the allegedly improper advice for plain error. We consider each asserted error in turn.

**B. Analysis**

**1. Misstatement of the Maximum Punishment**

R.C.M. 1003(b)(3) provides, in pertinent part:

> Any court-martial may adjudge a fine in lieu of or in addition to forfeitures. In the case of a member of the armed forces, summary and special courts-martial may not adjudge any fine or combination of fine and forfeitures in excess of the total amount of forfeitures that may be adjudged in that case.

The maximum forfeiture that a special court-martial may adjudge is two-thirds of the accused's pay per month for 12 months. R.C.M. 201(f)(2)(B)(i). Thus, Appellant could not have been sentenced to total forfeitures. Even if the SJAR had been accurate with regard to the jurisdictional maximum for forfeitures in a special court-martial, the Appellant could not have received forfeiture of two-thirds pay per month for 12 months *and* a fine. *See* R.C.M. 1003(b)(3).

However, Appellant has not made a colorable showing of possible prejudice arising from this error. At trial, the military judge did not include the possibility of a fine when he informed Appellant of the maximum punishment he could adjudge as a result of Appellant's guilty plea. The military judge did not adjudge a fine, nor did he adjudge any forfeiture of pay. Thus, the convening authority was not called upon to make any decisions regarding adjudged forfeitures or a fine when he acted upon the sentence. We are not persuaded the misstatement of the jurisdictional maximum punishment for forfeitures and erroneous inclusion of the possibility of a fine exaggerated the severity of Appellant's conduct or in any way influenced the convening authority to Appellant's detriment. Because Appellant has failed to make a "colorable showing of possible prejudice," he is entitled to no relief.

**2. Authority to Disapprove the Adjudged Reprimand**

Assuming *arguendo* that it was error for the SJAR to omit the convening authority's ability to disapprove the reprimand and that the error was plain and obvious, we are not persuaded that the omission in any way influenced the convening authority to Appellant's detriment. Further, we are not convinced that had the convening authority been explicitly advised of his authority to disapprove the reprimand that he would have taken any action more favorable to Appellant. Appellant never asked the convening authority to disapprove his reprimand, he only requested disapproval of his reduction to the grade of E-1. Before the decision on action, the convening authority had already denied Appellant's request to defer this same reduction in grade. Additionally, the SJAR

correctly advised the convening authority that he could disapprove the reduction in grade and the convening authority declined to do so. Under these circumstances, we do not find it is plausible that the convening authority may have taken any action more favorable to Appellant had the SJAR correctly advised him of his power to also disapprove the reprimand. Because Appellant has failed to make a colorable showing of possible prejudice, he is entitled to no relief.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

Carol K. Joyce

CAROL K. JOYCE
Clerk of the Court